# Exhibit 2

**Bylaws for Board of Trustees**
**July 30, 2024**

AMENDED AND RESTATED

BYLAWS

of

THE PENNSYLVANIA STATE UNIVERSITY

Adopted May 6, 2016 [Adopted July 30, 2024]

As Amended and Restated:

November 4, 2016, July 21, 2017, November 10, 2017, May 3, 2019, November 15, 2019,

May 8, 2020, September 18, 2020, May 7, 2021  and [July 30, 2024]

# TABLE OF CONTENTS

**Page**

ARTICLE I NAME AND PURPOSE ............................................................................. 1

    Section 1.01    Name................................................................................... 1
    Section 1.02    History ............................................................................... 1
    Section 1.03    Purpose .............................................................................. 1

ARTICLE II TRUSTEES .............................................................................................. 1

    Section 2.01    Number, Election, Appointment and Term of Office....................... 1
    Section 2.02    Qualifications for Membership........................................... 4
    Section 2.03    Trustee Code of Conduct.................................................... 5
    Section 2.04    Role and Responsibilities of Trustees .................................. 9
    Section 2.05    Trustee Sanction or Removal .............................................. 10
    Section 2.06    Regular Meetings; Notice.................................................... 13
    Section 2.07    Annual Meeting of the Board............................................... 13
    Section 2.08    Special Meetings; Notice..................................................... 14
    Section 2.09    Quorum.............................................................................. 14
    Section 2.10    Actions.............................................................................. 14
    Section 2.11    Meetings Via Electronic Communication ............................. 15
    Section 2.12    Resignations ...................................................................... 15
    Section 2.13    Vacancies.......................................................................... 15
    Section 2.14    Compensation; Reimbursement of Travel Expenses............... 16
    Section 2.15    Certain Meetings ............................................................... 16

ARTICLE III COMMITTEES......................................................................................... 16

    Section 3.01    Committees and Other Board Entities................................... 16
    Section 3.02    Executive Committee .......................................................... 17
    Section 3.03    Standing Committees........................................................... 19
    Section 3.04    Quorum and Actions........................................................... 24
    Section 3.05    Authority of Board ............................................................. 24
    Section 3.06    Special Assignments........................................................... 24

ARTICLE IV LIABILITY AND INDEMNIFICATION ................................................... 25

    Section 4.01    Personal Liability of Trustees............................................... 25
    Section 4.02    Indemnification................................................................... 25

ARTICLE V OFFICERS AND EMPLOYEES................................................................. 28

    Section 5.01    Officers ............................................................................. 28
    Section 5.02    Additional Officers; Other Agents and Employees................. 30
    Section 5.03    The Chair ........................................................................... 30

Privileged and Confidential                                    Discussion Draft July 16, 2024

Section 5.04     The President .................................................................................................. 31
Section 5.05     The Vice President(s) ..................................................................................... 32
Section 5.06     The Secretary and Associate Secretary and Assistant Secretaries ................ 32
Section 5.07     The Treasurer and Assistant Treasurers ........................................................ 33
Section 5.08     Vacancies ....................................................................................................... 34
Section 5.09     Delegation of Duties ...................................................................................... 34

ARTICLE VI MISCELLANEOUS CORPORATE TRANSACTIONS AND DOCUMENTS .. 42

Section 6.01     Execution of Notes, Checks, Contracts and Other Instruments .................... 42
Section 6.02     Voting Securities Owned by the University ................................................... 43

ARTICLE VII GENERAL PROVISIONS ................................................................................. 43

Section 7.01     Offices ........................................................................................................... 43
Section 7.02     Corporate Seal .............................................................................................. 43
Section 7.03     Fiscal Year ..................................................................................................... 43
Section 7.04     Private Inurement .......................................................................................... 43

ARTICLE VIII CONFLICTS OF INTEREST ........................................................................... 44

Section 8.01     Definitions. .................................................................................................... 44
Section 8.02     Disclosure ...................................................................................................... 46
Section 8.03     Annual Disclosure ......................................................................................... 46
Section 8.04     Recusal .......................................................................................................... 46
Section 8.05     Contracts or Transactions with the University. ............................................. 47
Section 8.06     Annual Statements ........................................................................................ 48
Section 8.07     Fiduciary Duty .............................................................................................. 48
Section 8.08     Misuse of Information ................................................................................... 48
Section 8.09     Gifts and Favors ............................................................................................ 49
Section 8.10     Pre-Existing Contract or Transaction ........................................................... 49
Section 8.11     Certain Family Members as Employees ........................................................ 49
Section 8.12     Employment of Trustees ................................................................................ 49
Section 8.13     Disclosure of Potential Conflict of Interest by Employees of the University 49
Section 8.14     Consultation ................................................................................................... 50

ARTICLE IX AMENDMENTS ................................................................................................. 50

Section 9.01     Amendments .................................................................................................. 50

**THE PENNSYLVANIA STATE UNIVERSITY**

**Amended and Restated Bylaws**

**ARTICLE I**

**NAME AND PURPOSE**

**Section 1.01   Name**.  The name of the corporation is The Pennsylvania State University (the "University"), existing under the Pennsylvania Nonprofit Corporation Law of 1988, as amended from time to time.

**Section 1.02   History**.  The University was created as the Farmers' High School by special act of the Pennsylvania legislature on February 22, 1855.  The name of the institution was changed successively to the Agricultural College of Pennsylvania in 1862, the Pennsylvania State College in 1874 and The Pennsylvania State University in 1953.  On August 28, 1878, after the enactment of Pennsylvania's first corporation law and pursuant to the provisions thereof, the institution elected to be subject to such corporation law and thereafter has been existing under such law, as such law has been amended, supplemented, and modified from time to time.

**Section 1.03   Purpose**.  The University was formed in 1855 as an institution for the education of youth in the various branches of science, learning and practical agriculture, as they relate to each other.  The University currently exists as a multi-campus public research university that educates students from Pennsylvania, the nation and the world, and improves the wellbeing and health of individuals and communities through integrated programs of teaching, research, and service.

**ARTICLE II**

**TRUSTEES**

**Section 2.01   Number, Election, Appointment and Term of Office**.  The affairs of the University shall be managed by a Board of Trustees (the "Board").

1

(a)    The number of Trustees which shall constitute the full Board shall be fixed at thirty-eight (38), as set forth herein.

(i)    *Ex Officio* Voting Members.  The Secretary of Education, the Secretary of Agriculture and the Secretary of Conservation and Natural Resources of the Commonwealth of Pennsylvania shall be *ex officio* voting members of the Board.

(ii)    *Ex Officio* Non-Voting Members.  The Governor of the Commonwealth of Pennsylvania and the President of the University shall be *ex officio* non-voting members of the Board.

(iii)    Members Appointed by the Governor.  Six voting members of the Board shall be appointed by the Governor of the Commonwealth of Pennsylvania.

(iv)    Members Elected by the Alumni.  Nine voting members of the Board shall be elected by the alumni and former students of the University.

(v)    Members Elected by Agricultural Organizations.  Six voting members of the Board, who shall be members of and represent organized agricultural societies and associations in the Commonwealth of Pennsylvania, shall be elected by three delegates from each county in the Commonwealth representing organized agricultural societies or associations within said county.

(vi)    Members Elected from Business and Industry.  Six voting members of the Board representing business and industry endeavors shall be elected by the Board.

2

(vii)    A Member Elected representing the Student Body.  In May 2015 and bi-annually thereafter, a voting member of the Board from the student body (the "Student Trustee") shall be elected by the Board.

(viii)    A Member Elected representing the Faculty.  In May 2015 and every three years thereafter, a voting member of the Board from the faculty (the "Academic Trustee") shall be elected by the Board.

(ix)    The Immediate Past President of the Penn State Alumni Association. Commencing July 1, 2015, and bi-annually thereafter, the immediate past President of the Penn State Alumni Association shall become an *ex officio* voting member of the Board.

(x)    At-Large Members Elected by the Board of Trustees.  In May 2015 three at-large voting members were elected by the Board.  Thereafter, one at-large voting member shall be elected annually by the Board.

(b)    Each Trustee shall serve for a term of three (3) years, except that the Student Trustee and the immediate past President of the Penn State Alumni Association shall each serve for a two (2) year term.  No individual may serve as a Trustee for more than a total of twelve years, whether in consecutive terms or otherwise and regardless of when they first assumed a position as Trustee, whether elected or appointed.  This subsection (b) shall not apply to any Trustee who serves in an *ex officio* capacity, except the immediate past President of the Penn State Alumni Association.  Trustees shall be separated into three groups of substantially equal number so that the terms of approximately one third of the Trustees shall expire each year.  Each Trustee shall serve until their term expires, and thereafter until such Trustee's successor is duly elected or appointed, or until such Trustee's earlier death, resignation or removal.

3

**(c)**      The Board authorizes the Governance Committee of the Board and its Nominating Subcommittee to oversee the implementation of Board policies and procedures regarding the nomination, election and appointment of Trustees.    The Committee and Subcommittee shall publish and maintain the <u>Appendix to these Bylaws on Nomination, Election and Appointment of Trustees (including Emeriti)</u>.  The qualifications, requirements and procedures set forth in the Appendix are binding on all candidates, nominees or potential appointees.

**Section 2.02    Qualifications for Membership.**

**(a)**      Members of the Board shall be natural persons of full age who need not be residents of the Commonwealth of Pennsylvania.  A person who is employed in any capacity by the University shall not be eligible to serve as a member of the Board; provided, however, that this qualification for membership shall not apply to (i) any *ex officio* member of the Board, (ii) the Academic Trustee or (iii) the Student Trustee.  Persons subject to this disqualification shall not be eligible to serve as a member of the Board for a period of five (5) years from the July 1 coincident with or next following the date of their last employment in any capacity by the University or the last day of their employment with the Commonwealth of Pennsylvania as Governor, Lieutenant Governor, Attorney General, Auditor General or State Treasurer.

**(b)**      Only graduates of the University who shall have received an associate degree, a bachelor's degree, or an advanced degree from the University shall be eligible to serve as a Trustee elected by the alumni.  No member of the governing board of any other college or university shall be eligible to serve as a Trustee.

**(c)**      No individual previously removed from the Board under Section 2.05 shall be eligible to stand for election or serve again as a Trustee; such prohibition is to be permanent.

4

**(d)** The Student Trustee shall at all times during their two year term be a full-time undergraduate, graduate or professional student, in good academic standing and in a degree seeking program at the University.

**Section 2.03  Trustee Code of Conduct.**

**(a) General Statement**. Trustees have crucial fiduciary responsibilities towards the University under these Bylaws (Article VIII, Section 8.07) as well as applicable law. Trustees of the University must conduct themselves in a manner that is in keeping with those responsibilities as well as the mission and values of the University. Trustees must adhere to the requirements outlined in these Bylaws, any standing orders, as well as applicable University policies and laws. Trustees agree that they are subject to sanction up to and including removal if they fail to adhere to this Code of Conduct in connection with their service as a Trustee. Emeriti Trustees must also adhere to the requirements outlined in this Code of Conduct.

**(b) Professionalism.** Trustees shall conduct themselves with professionalism, embodying respect and courtesy for others. Trustee activities shall be undertaken in good faith and always in the best interests of the University, upholding the University's reputation for integrity and excellence. Trustees shall exercise good judgment as a guide to acceptable conduct in the exercise of their duties and shall consult with appropriate Board leadership or staff in the event there are questions about the best course of action and conduct. Trustees shall act in a way that merits the continued trust and confidence of the University's students, alumni, community, faculty, staff, and other stakeholders.

**(c) Meetings and Other Responsibilities.** Trustees must prepare diligently, attend required meetings of the Board (as set forth in Section 2.04), and assigned committees, and participate constructively in all Board of Trustees meetings and related activities by reading the

5

agenda and supporting materials.  Trustees shall speak openly, freely, and candidly within the Board, while being mindful that any public dissent from Board decisions must be done as trusted stewards of a public institution.  Because a university is a free marketplace of competing ideas and opinions, its governance mandates open communication as well as principled, civil, and respectful debate.  At the same time, Trustees must always protect and act in the best interest of the University, being cognizant that the tone and substance of their words whether in the board room or in public, including on social media platforms, reflect on the University that they are entrusted to serve and can adversely affect its wellbeing.  While Trustees think independently and make informed individual decisions about what they feel is in the best interests of the University, they shall support majority decisions of the Board and work cooperatively with fellow Board members and the Administration to advance the University's goals.  Negative or critical public statements about the Board, the University or its students, alumni, community, faculty, staff, and other stakeholders do not serve the University's interests and are inconsistent with a Trustee's fiduciary obligation to act always in the best interests of the University.  Trustees shall extend goodwill to one another and to all members of the University community in board sessions and in public forums, including social media.

   **(d)**  **Demonstrating and Promoting Ethical Conduct.**  Trustees must conduct themselves ethically, demonstrating honesty, integrity, fairness, respect and professionalism toward all matters and persons.  Trustees shall undertake their duties in a manner consistent with a scrupulous regard for the highest standards of ethical conduct and personal integrity.  No Trustee shall provide inaccurate, misleading, false, or fraudulent information with respect to the University or its finances or operations.  No Trustee shall make bad faith allegations of wrongdoing, *e.g.*,

6

allegations that are knowingly false, capricious, maliciously motivated or made with reckless disregard for fact.

(e)    **Confidentiality, Privacy and Access to Information.**    Trustees shall respect University policies, including honoring the appropriate designated channels for making requests for information or communication.  Trustees are entitled to information that is reasonably related to their duties as Trustees and shall be cognizant of the burden that their requests place on the Administration. The reasonableness of a Trustee's request for information is assessed in light of the Trustee's responsibilities as a member of the Board; anticipated Board actions/discussions; and/or the individual Trustee's duties as a member of a specific committee.  The Board Chair and applicable committee chairs have authority to review the reasonableness of requests from individual Trustees for information or documents and may narrow or deny any request deemed to be beyond the reasonable scope of a Trustee's legitimate interest as a fiduciary of the university. The Chair of the Board serves as the final arbiter of disputes regarding Trustee requests for information or records.  "Confidential information" includes nonpublic information concerning the University, including its finances, operations, and personnel, as well as nonpublic information about internal Board discussions and dynamics.  The confidentiality of University information and data shall be maintained as a fundamental fiduciary responsibility of Trustees.  The unauthorized release, use, access, or retention of confidential or proprietary information, regardless of intent, is strictly prohibited.  All information furnished to Trustees may be used only for purposes consistent with such Trustee's fiduciary duties and responsibilities to the University.  Other state and federal laws (including, for example, the Family Educational Rights and Privacy Act (FERPA) of 1974) as well as University policies establish privacy and confidentiality protections for data and

information that may be received by Trustees in the course of their service. Trustees shall respect and abide by all such laws and policies.

(f) **Non-Discrimination/Harassment/Sexual Misconduct.** All Trustees should familiarize themselves with the University's policy entitled Discrimination and Harassment and Related Inappropriate Conduct (AD 91). Any form of discrimination or harassment by a Trustee in the performance of their duties as a Trustee which violates federal, state, or local law, or the University policy is a violation of this Code of Conduct.

(g) **Obeying the Law and Reporting Misconduct.** All Trustees shall comply with and conduct themselves in accordance with the spirit and letter of all federal, state, and local laws and regulations, as well as University policies in their activities as Trustees. Consistent with the University's Disclosure of Wrongful Conduct and Protection From Retaliation policy (AD 67), Trustees are encouraged and expected to report in good faith any misconduct and/or illegal activity that might be conducted by other Trustees. The University will never retaliate against a Trustee for a good faith report of Wrongful Conduct (as defined in AD 67). Any Trustee who is found to have engaged in retaliation will be subject to disciplinary action, up to and including removal from membership on the Board of Trustees.

(h) **Avoiding Conflicts of Interest and the Appearance Thereof.** Trustees shall avoid situations involving conflicts of interest, as defined extensively in Article VIII, Section 801. Trustees shall diligently comply with the Board's conflict of interest policies and procedures as set forth in Article VIII of the Bylaws (*e.g.*, Sections 8.01-8.14), and any applicable University policies referenced therein.

8

**(i)** **Enforcement.** Failure to comply with this Code of Conduct is a serious breach and triggers the enforcement provisions reflected in Section 2.05 (Trustee Sanction or Removal).

**Section 2.04  Role and Responsibilities of Trustees.**

**(a)** The Board as a whole makes decisions and instructs the Administration collectively as the governing body of the University. Unless specifically authorized by the Board or the Chair, no individual Trustee has the authority to direct administrators with respect to the performance of their duties for the University or to otherwise act on behalf of the University or the Board. Furthermore Trustees should refrain from reaching out directly to the Administration and should instead direct questions or requests to the Board Office, Committee Leadership or Board Leadership.

**(b)** Trustees speak for the Board or the University only when specifically authorized to do so by the Board or the Chair; it being recognized and understood that it is important for the Board to convey a consistent message and that the Chair or their designee generally serves exclusively as the spokesperson for the Board.

**(c)** In any interactions with students, faculty, staff, and university-affiliated groups, Trustees shall be cognizant of their special role and fiduciary responsibilities. Trustees shall recognize that communication of an individual Trustee's views can be assumed to be an expression of the Board's position as a whole and should make diligent efforts to avoid such misunderstandings. Trustees shall coordinate all media and press statements, interviews and/or background discussions done in a Trustee capacity with the Board Office, who will engage Strategic Communications as needed.

9

(d)    Trustees shall support the University's philanthropic efforts, including by making the University a top philanthropic priority to the extent of one's personal ability.

(e)    All Trustees are required to attend (in person or virtually) at least 75% of the five regularly scheduled meetings of the full Board of Trustees in a given year and shall diligently participate in any Committees to which they are assigned. Failure to meet this requirement in a given year will trigger a discussion with the Chair of the Board of Trustees.  In the year following such a discussion, the Trustee, except for *ex officio* Trustees established by the University's Charter, will be asked to resign at the time it becomes clear that they will not hit the 75% threshold for the second consecutive year.  In the event of a dispute, the matter will be referred to the Governance Committee.

**Section 2.05   Trustee Sanction or Removal.**  Any member of the Board of Trustees . may be counseled, admonished, sanctioned, or removed from their position as a Trustee in accordance with this section. This provision does not apply to the *ex officio* Trustees appointed under Section 2.01 (a) (i) and (ii).

(a)    Any Trustee who believes that another Trustee has (i) breached their fiduciary duties to the University, (ii) failed to adhere to the Code of Conduct; (iii) committed a serious violation of any policy of the University; (iv) been convicted of any felony; or (v) engaged in other conduct that materially impairs the Trustee's ability to fulfill their assigned duties or reflects adversely and materially on the Trustee's fitness to serve on the Board, shall raise the concern(s) with the Chair of the Board or the Chair of the Governance Committee who shall share the allegation(s) with the Chair of the Board.

The Chair of the Board, in consultation with the Board's Vice Chair and Chair of the Governance Committee, will determine if the matter should be referred for inquiry and

10

investigation by the Governance Committee. If the matter is referred to the Governance Committee, the Chair and Vice Chair of the Board shall communicate to the offending Trustee the nature of the perceived offense(s) and inform the Trustee of the opportunity to provide a written response to the Governance Committee.    After investigation, that Committee makes a recommendation to the Chair and Vice Chair of the Board regarding whether the alleged violation(s) should result in (1) no action, (2) admonishment, (3) sanction or (4) removal.

In deciding whether to recommend (1) no action, (2) admonishment, (3) sanction or (4) removal, the Governance Committee shall take into account the written response of the Trustee charged with the violation(s), and shall also consider whether the violation is a first-time or repeated offense, the public or private nature of the offense and the severity of the injury or potential injury to the Board or the University arising from the violation.

The Governance Committee's factfinding, consideration of and initial deliberation regarding sanction and removal options will occur in an Executive Session of the Committee pursuant to the Pennsylvania Sunshine Law Section 708(1), (4) and/or (5).  The Committee's vote to recommend the appropriate action to the Chair of the Board will be taken at a public meeting of the Committee.  A simple majority vote will determine the Committee's recommendation.  The Governance Committee shall recommend removal in the case of any Trustee facing a second sanction within an annual Board cycle.

**(b)**    Upon receipt of the Governance Committee's recommendation, the Chair, in consultation with the Board's Vice Chair, shall take the following actions:

**(i)**    If the Governance Committee recommends no action, the options are notice to the Trustee of the decision to take no action or notice to the Trustee of

11

the decision to take no action but provide guidance to the Trustee, training, and/or a reminder about the Code of Conduct.

**(ii)** If the Governance Committee recommends admonishment, the Chair will issue a formal letter of admonishment to the Trustee, with notice to the Board's Executive Committee.

**(iii)** If the Governance Committee recommends sanction, the result is removal for the balance of the Trustee's tenure on the Board or another period of time determined by the Chair from any or all Committees or other Board Entities as defined in Section 3.01, or other Board assignments as determined by the Chair, as well as removal from Board and University social and athletic events and other perquisites, with such sanction(s) notification to the Board.

**(iv)** If the Governance Committee recommends removal, the result is a recommendation of removal to be considered by the full Board.

**(c)** Removal of a Trustee shall require a joint proposal to the Board by the Chair of the Board and the Chair of the Governance Committee that the Board take action to remove a Trustee on the basis that the Trustee has (i) breached their fiduciary duties to the University, (ii) failed to adhere to the Code of Conduct; (iii) committed a serious violation of any policy of the University; (iv) been convicted of any felony; or (v) engaged in other conduct that materially impairs the Trustee's ability to fulfill their assigned duties or reflects adversely on the Trustee's fitness to serve on the Board of Trustees.  Such joint proposal shall be furnished in writing to each member of the Board of Trustees not less than ten (10) days prior to the meeting of the Board of Trustees at which such matter is to be considered. If the Trustee subject to removal proceedings is a gubernatorial appointee, a letter will be sent to the Governor and Senate leadership documenting

12

the violations as part of the process. The Board's factfinding, consideration of and initial deliberation regarding removal will occur in an Executive Session of the Board.  The official action of taking a vote on removal will be taken at a public meeting of the Board. Removal shall require the affirmative vote of not less than two-thirds of the Trustees present at a duly called meeting.

**(d)**    In the event of Trustee removal under this section, interim appointments shall be handled as set forth in Section 2.13.

**(e)**    In the event that the Chair of the Board or the Chair of the Governance Committee is the subject of a removal action under this Section 2.05, the Vice Chair of the Board shall be substituted for such affected Trustee for purposes of this Section 2.05.

**Section 2.06   Regular Meetings; Notice**.  Regular meetings of the Board shall be held at such time and place and in the manner (*e.g*., in person or via telephonic or electronic ("virtual") means) as shall be designated by the Chair of the Board  from time to time. There shall be at least one (1) regular meeting of the Board per year. Notice of such regular meetings shall not be required, except as otherwise expressly required herein or by law, and except that whenever the time, place or manner of regular meetings shall be initially fixed and then changed, notice of such action shall be given promptly by telephone, facsimile, electronic mail or otherwise to each Trustee.  Any Board business may be transacted at any regular meeting.

**Section 2.07   Annual Meeting of the Board**.  One regular meeting of the Board shall be designated the annual organization meeting at which the Board shall organize itself and elect officers of the University for the ensuing year and may transact any other business.  The annual meeting shall be scheduled to be in person at a University location unless doing so would pose a risk to health and safety.

13

**Section 2.08    Special Meetings; Notice**.  Special meetings of the Board may be called at any time by the Chair of the Board or by seven members of the Board, to be held at such place and day and hour as shall be specified by the person or persons calling the meeting.  Notice of every special meeting of the Board shall be given by the Secretary to each Trustee by telephone, facsimile, electronic mail or otherwise at least three (3) days before the meeting unless the meeting is being called in the event of an emergency, in which case as much advance notice shall be given to the Trustees as is practicable under the circumstances.  In addition, public notice of any special meeting shall be given as required by law.  Except as otherwise provided herein or required by law, any business may be transacted at any special meeting regardless of whether the notice calling such meeting contains a reference thereto.

**Section 2.09    Quorum**.  At all meetings of the Board, the presence of at least a majority of the voting members of the Board in office shall be necessary and sufficient to constitute a quorum for the transaction of business.  If a quorum is not present at any meeting, the meeting may be adjourned from time to time by a majority of the Trustees present until a quorum as aforesaid shall be present, but notice of the time and place to which such meeting is adjourned shall be given to any Trustees not present either by facsimile or electronic mail or given personally or by telephone at least eight hours prior to the hour of reconvening.

**Section 2.10    Actions**.  Except as expressly provided herein, resolutions of the Board shall be adopted, and any action of the Board upon any matter shall be valid and effective, with the affirmative vote of a majority of the Trustees present at a meeting duly convened and at which a quorum is present.  The Chair, if one has been elected and is present, or if not, the Vice Chair, if present, or if not, a Trustee designated by the Board, shall preside at each meeting of the Board. The Secretary, or in their absence the Associate Secretary, shall be responsible for ensuring that

14

the minutes of all meetings of the Board of Trustees are recorded in some reasonable manner.  In the absence of the Secretary and the Associate Secretary, the presiding officer shall designate any person to take the minutes of the meeting.  Unless otherwise modified in these Bylaws, the conduct of business in meetings of the Board and any committees thereof shall be conducted in a manner that is generally informed by the parliamentary procedures prescribed in Robert's "Rules of Order."

**Section 2.11   Meetings Via Electronic Communication.**  Trustees may participate in any meeting of the Board or of a committee of the Board by means of conference telephone, video conference or similar communications equipment or platform by means of which all persons participating in the meeting can hear each other.  Participation in a meeting in this manner by a Trustee will be considered attendance in person for all purposes under these Bylaws.  The Chair of the Board may schedule meetings to be held entirely via such telephonic or electronic means at the Chair's discretion, except that at least one meeting (the Annual meeting where feasible) shall be scheduled to be in person at a University location.

**Section 2.12   Resignations**.  Any Trustee may resign by submitting their resignation in writing to the Secretary.  Such resignation shall become effective upon its receipt by the Secretary or as otherwise specified therein.

**Section 2.13   Vacancies**.  Vacancies in the membership of the Board created by death, resignation, removal or any other reason, may be filled by appointment by the Chair of the Board at the request of the majority of the Governance Committee for the unexpired term in all cases except memberships reserved for gubernatorial appointment and *ex officio* memberships established hereunder. Should an Academic or Student Trustee vacancy occur, the Chair of the

15

Board shall consult with the Faculty Senate or Student Government, respectively for their input on an appropriate interim appointment.

**Section 2.14   Compensation; Reimbursement of Travel Expenses**.  Members of the Board serve as volunteers and shall not be compensated for their services.  Upon the request of a Trustee, the University shall reimburse the Trustee's reasonable direct travel expenses incurred while the Trustee was engaged in the discharge of their official duties. Reimbursement of travel expenses shall be determined in accordance with the University's travel reimbursement policies in effect from time to time.

**Section 2.15   Certain Meetings**.  The Chair of the Board may, at their discretion, request that one or more of the non-voting members of the Board be excused from any meeting of the Board or any portion thereof.

## ARTICLE III

## COMMITTEES

**Section 3.01   Committees and Other Board Entities**.    Standing or temporary committees, subcommittees, special focus task forces or other deliberative groups ("Committees or other Board Entities") furthering the needs and interests of the Board consisting of at least one (1) Trustee may be created by the Board of Trustees from time to time; provided, however, that a temporary committee may not be created for the purpose of acting on any matter appropriate to be acted on by an existing standing committee or subcommittee thereof.  The Chair shall appoint the members of and Chairperson thereof (except the executive committee).  At the discretion of the Chair of the Board, Committee and other Board Entities may include non-voting members that are not Trustees of the University.  Such individuals shall be subject to the same fiduciary duties and responsibilities as Trustees in the context of their service.  Appointees who are not Trustees have

16

no rights to continued service and may be removed by the Chair at any time and for any reason in the Chair's discretion.  Each Committee or other Board Entity shall have such authority in advising on the business and affairs of the University as the Board may specify from time to time.  All standing committees shall operate pursuant to written guidelines (Committee "Operating Guidelines").  These guidelines must be reviewed by the Governance Committee and, if endorsed by that committee, submitted to Board.  The Board must approve all Operating Guidelines before they become effective.  Committee Operating Guidelines are reviewed by the Governance Committee periodically and updated as needed, subject to Board approval.

Section 3.02   **Executive Committee**.  The Executive Committee shall have thirteen (13) members, all of whom shall be voting members.  The Executive Committee shall consist of the Chair of the Board (who shall also chair the Executive Committee), the Vice Chair of the Board, the Chairs of the standing committees, the Chair of the Board of Directors of Penn State Health (or, if such chair is not a voting member of the Board, a member of the Board of Directors of Penn State Health who is also a voting member of the Board), the immediate past Chair of the Board (if such immediate past Chair of the Board continues to be a voting member of the Board) and such number of at-large members, nominated by the Governance Committee and elected by the Board, as may be necessary to have an executive committee of thirteen (13) members.  In nominating at-large members of the Executive Committee, the Governance Committee shall consider the diversity of the various constituencies represented in Board membership for inclusion in the Committee.  The President of the University shall be an *ex officio* non-voting member of the Executive Committee.

(a)    **Purpose of the Executive Committee.**  The purpose of the Executive Committee shall be to transact all necessary business as may arise in the intervals between regular

17

meetings of the Board; it being understood that official action by the Executive Committee would not be expected to be taken except in extraordinary circumstances.  Notice of any official action taken by the Executive Committee shall be provided to the Board at its next regular meeting.

> **(b)** The Executive Committee shall have principal responsibilities *inter alia* on matters pertaining to:

- Operations of the Board, including annual committee plans and agenda coordination;

- Outreach, including community relations, alumni relations, government relations, agricultural extension, and the Penn State brand;

- The Corporation for Penn State and Penn College of Technology; and

- Operational oversight of university activities that transcend individual Standing Committee areas of responsibility or are otherwise trans-university in scope or impact.

> **(c)** **Meetings of the Executive Committee.** Meetings of the Executive Committee may be called by the Chair of the Board or by any seven (7) members of the committee. No official action may be taken by the Executive Committee without the affirmative vote of at least seven (7) members of the executive committee.

> **(d)** **Place of Meetings of the Executive Committee.** Meetings of the committee are held virtually, at the executive offices of the University or as otherwise ordered by the Chair of the Executive Committee.

> **(e)** **Notice of Meetings of the Executive Committee.** Notice of the time and place of all meetings of the committee shall be given in the same manner as for meetings of the Board.

**Section 3.03    Standing Committees**.  The Board may establish standing committees thereof in addition to the Executive Committee in accordance with the terms of these Bylaws. Standing committees are charged with oversight of the subject matters assigned to them and as more particularly set forth in such committees' respective operating guidelines.  Standing committees shall assume such additional responsibilities as may from time to time be assigned by the Chair of the Board.

(a)    **Referral of Matters to Standing Committees.**  Any matter appropriate for consideration by a standing committee shall first be referred thereto for initial review and consideration by the Board or the Chair of the Board.  A two-thirds (2/3) vote of the Trustees present at a meeting of the Board will permit initial consideration of such matters by the full Board or permit consideration of a matter referred to a committee that has not been brought forward for report or recommendation.

(b)    Any matter referred to and considered by a standing committee, but upon which the committee makes no recommendation or report to the Board of Trustees, may be brought before the Board of Trustees for consideration at the request of any Trustee.

(c)    **Matters Appropriate to More Than One Committee.**  Except as otherwise provided in these Bylaws, matters determined to be appropriate for consideration by more than one committee may be referred by the Chair of the Board to one committee or more.

(d)    **Final Authority of the Board.**  Unless otherwise specifically delegated and except as otherwise provided herein or in the approved operating guidelines of any standing committee, authority to act on all matters is reserved to the Board, and the duty of each standing committee shall be only to consider and to report or make recommendations to the Board upon appropriate matters.

19

(e)      **Standing Committees Established.**    In addition to the Executive Committee, the following standing committees are established:

(1)      **The Committee on Audit & Risk**

This committee shall consist of not less than five (5) voting Trustee members, in addition to *ex officio* members and any other members appointed by the Chair of the Board, and, in accordance with and pursuant to its operating guidelines, shall consider and report or make recommendations to the Board *inter alia* on matters pertaining to:

- Financial Reporting and Controls

- Independent Auditors

- Internal Audit

- Enterprise Risk Management (ERM)

- Complaints and Investigations

- Litigation

- Compliance

(2)      **The Governance Committee including its Nominating Subcommittee**

This committee shall consist of not less than five (5) voting Trustee members, in addition to *ex officio* members and any other members appointed by the Chair of the Board, and, in accordance with and pursuant to its operating guidelines, shall consider and report or make recommendations to the Board *inter alia* on matters pertaining to:

- University Charter and Bylaws updates

- Trustee Qualifications and Skillsets; Board Composition

- Nominations, Elections, Appointments

20

- Long-Range Planning/Strategy

- The Trustee Code of Conduct

- Board Education, Development and Assessment

- Board Retreats

      **(3)    The Committee on Finance & Investment including its Facilities Planning Subcommittee**

This committee shall consist of not less than five (5) voting Trustee members, in addition to *ex officio* members and any other members appointed by the Chair of the Board and, in accordance with and pursuant to its operating guidelines, shall consider and report or make recommendations to the Board *inter alia* on matters pertaining to:

- Budgeting

- Capital Expenditures

- Capital Planning

- Debt Structure/Borrowing Authority

- Student Aid

- Tuition, Rates and Fees

- Investment Council

- Real Estate

- Facilities Plan

- New Construction & Renovation

- Physical Plant and Infrastructure

- Naming of University buildings, fields and other facilities

      **(4)    The Committee on Research & Technology**

21

This committee shall consist of not less than five (5) voting Trustee members, in addition to *ex officio* members and any other members appointed by the Chair of the Board and, in accordance with and pursuant to its operating guidelines, shall consider and report or make recommendations to the Board *inter alia* on matters pertaining to:

- Information Technology

- Intellectual property

- Artificial Intelligence

- Emerging Technologies

- Innovation

- Strategic Technology Partnerships

- Research Funding

- Research Commercialization

- Technology in the Classroom

- Technology Governance

### (5)    The Committee on Student Success

This committee shall consist of not less than five (5) voting Trustee members, in addition to *ex officio* members and any other members appointed by the Chair of the Board and, in accordance with and pursuant to its operating guidelines, shall consider and report or make recommendations to the Board *inter alia* on matters pertaining to:

- Student Engagement

- Graduation Rates and Progress

- Commonwealth Campus Strategy

- World Campus

22

- Med School/Law School/Graduate Programs

- Program Rankings

- Establishment of Schools and Colleges

- College, School, Department Naming

- Mergers of Departments

- Student Health & Wellness

- Enrollment Management

- Educational Equity

- Greek Life

### (6)    The Equity and Human Resources Committee

This committee shall consist of not less than five (5) voting Trustee members, in addition to *ex officio* members and any other members appointed by the Chair of the Board and, in accordance with and pursuant to its operating guidelines, shall consider and report or make recommendations to the Board *inter alia* on matters pertaining to:

- Selection, evaluation, and compensation of the President

- Executive Compensation

- Total Rewards

- Equity, Diversity & Inclusion/Belonging

- Succession Planning

- Talent Development/Training

### (f)    Selection of Members of Committees and other Board Entities.

Members of Committees and other Board Entities, and the Chair and Vice Chair thereof, shall be appointed by the Chair of the Board.  The Chair and, in their absence, the Vice Chair of the Board

23

shall be an *ex officio* member of all Committees and other Board Entities.  No Trustee shall serve as Chair of any Committee for more than five (5) consecutive years, except as specifically approved by a majority vote of the Board of Trustees.

**(g)    Term of Committee Members.**  Committee members shall serve at the discretion of the Chair of the Board.

**(h)    Consultation with Constituent Groups.**  Standing committees are expected to seek input from constituent groups as appropriate in the exercise of their responsibilities.

**Section 3.04    Quorum and Actions**.  At any meeting of a committee, the presence of a majority of the voting Trustee members of such committee (including any *ex officio* members of such committee) shall be necessary and sufficient to constitute a quorum for  taking official action. Except as set forth in Section 3.02(c), resolutions of a committee shall be adopted, and any action of the committee upon any matter shall be valid and effective, with the affirmative vote of a majority of the voting Trustee members of the committee present at a meeting duly convened and at which a quorum is present.

**Section 3.05    Authority of Board**.  Any action taken by any committee or subcommittee shall be subject to alteration or revocation by the Board; provided, however, that third parties shall not be prejudiced by such alteration or revocation.

**Section 3.06    Special Assignments**.  The Chair of the Board may make special assignments to the Trustees from time to time in furtherance of the Board's duties and obligations. Such assignments shall include without limitation representation of the Board at University Commencements, as liaison to capital and other fundraising campaigns, and in other capacities where Trustee participation would be beneficial.

## ARTICLE IV

## LIABILITY AND INDEMNIFICATION

**Section 4.01   Personal Liability of Trustees**.

   **(a)   Elimination of Liability.**   To the fullest extent that the laws of the Commonwealth of Pennsylvania, as now in effect or as hereafter amended, permit elimination or limitation of the liability of Trustees for monetary damages, no Trustee of the University shall be personally liable for monetary damages as such for any action taken, or any failure to take any action, as a Trustee.

   **(b)   Nature and Extent of Rights.**   The provisions of this Section shall be deemed to be a contract with each Trustee of the University who serves as such at any time while this Section is in effect and each such Trustee shall be deemed to be so serving in reliance on the provisions of this Section.   Any amendment or repeal of this Section or adoption of any Bylaw or provision of the Charter of the University which has the effect of increasing Trustee liability for monetary damages shall operate prospectively only and shall not affect any action taken, or any failure to act, prior to the adoption of such amendment, repeal, Bylaw or provision.

**Section 4.02   Indemnification**.

   **(a)   Right to Indemnification.**

      **(i)**      As used herein, the word "Action" shall mean any action, suit or proceeding, administrative, investigative or other, (A) in which such person is named as a defendant (other than in an action, suit or proceeding commenced by the University) or (B) in connection with which such person is not named as a defendant but is a witness, subject to investigation or otherwise involved, in either case by reason of such person being or having been a Trustee or officer of the

25

University or by reason of such person serving or having served at the request of the University as a director, officer, employee, fiduciary or other representative of another corporation, partnership, joint venture, trust, employee benefit plan or other entity.

(ii)    Except as prohibited by law, each Trustee and officer of the University shall be entitled as of right to be indemnified by the University against expenses and any liability paid or incurred by such person in connection with any Action.

(iii)    Except as provided in Section 4.02(c) below, the University shall not indemnify any Trustee or officer, or pay, advance or reimburse any Trustee or officer, for any legal fees and expenses incurred in connection with any action, suit or proceeding, administrative, investigative or other, which such Trustee or officer brings, directly or indirectly, against the University, the Board or any officer, Trustee, employee, agent or representative of the University or the Board.

(iv)    A person who is not a Trustee or officer of the University may be similarly indemnified in respect of service to the University to the extent the Board at any time designates such person as being entitled to the benefits of this Section. The Board has delegated to the Vice President(s) and General Counsel the authority to make the determination, after consideration of relevant facts and circumstances, as to whether a person who is not a Trustee or officer of the University shall be indemnified in respect of their service to the University pursuant to this paragraph.

(v)    As used in this Section, "indemnitee" shall include each Trustee and each officer of the University and each other person designated by the Board as

26

entitled to the benefits of this Section; "liability" shall include amounts of judgments, excise taxes, fines, penalties and amounts paid in settlement; and "expenses" shall include fees and expenses of counsel incurred by the indemnitee only if (A) the University has not at its expense assumed the defense of the Action on behalf of the indemnitee with reputable and experienced counsel selected by the University, or (B) it shall have been determined pursuant to Section 4.02(c) hereof that the indemnitee was entitled to indemnification for expenses in respect of an Action brought under that Section.

(b)    **Right to Advancement of Expenses.**  Every indemnitee shall be entitled as of right to have their expenses in defending any Action paid in advance by the University, as incurred; provided, however, that the University receives a written undertaking by or on behalf of the indemnitee to repay the amount advanced if it should ultimately be determined that such person's conduct was such that the University is prohibited by law from indemnifying such person.

(c)    **Right of Indemnitee to Initiate Action; Defenses.**

(i)    If a written claim for indemnification or advancement of expenses under paragraph (a) or paragraph (b) of this Section is not paid in full by the University within thirty days after such claim has been received by the University, the indemnitee may at any time thereafter commence a lawsuit to recover the unpaid amount of the claim and, if successful in whole or in part, the indemnitee shall also be entitled to be paid the reasonable expenses of prosecuting such suit.

(ii)    The only defenses to a lawsuit to recover a claim for indemnification otherwise properly asserted under paragraph (a) shall be that the indemnitee's conduct was such that under applicable law the University is prohibited from

27

indemnifying the indemnitee for the amount claimed, but the burden of proving any such defense shall be on the University.

**(iii)** The only defense to a lawsuit to recover a claim for advancement of expenses otherwise properly asserted under paragraph (b) shall be that the indemnitee failed to provide the undertaking required by paragraph (b), but the burden of proving any such defense shall be on the University.

**(d)** **Non-Exclusivity; Nature and Extent of Rights; Insurance.** The rights to indemnification and advancement of expenses provided for in this Section shall (i) not be deemed exclusive of any other rights to which any indemnitee may be entitled, (ii) be deemed to create contractual rights in favor of each indemnitee who serves the University at any time while this Section is in effect (and each such indemnitee shall be deemed to be so serving in reliance on the provisions of this Section), and (iii) continue as to each indemnitee who has ceased to have the status pursuant to which he was entitled or was designated as entitled to indemnification under this Section and shall inure to the benefit of the heirs and legal representatives of each indemnitee. The University may provide, at its cost, insurance, or may self-insure, to protect itself and any Trustee, officer, agent or employee eligible to be indemnified hereunder against any liability or expense whether or not the University would have the power to indemnify such Trustee, officer, agent or employee.

## ARTICLE V

## OFFICERS AND EMPLOYEES

**Section 5.01   Officers**.

(a)     **Officers.**  The officers of the Board shall be a chair (the "Chair"), and a vice chair (the "Vice Chair"), each of whom shall be a member of the Board, and a Secretary, who may or may not be a member of the Board.

(b)     **Election and Term of Officers.**  All officers of the Board shall be chosen each year by vote of the Board present at the stated meeting of the Board in November to serve for a period of one year and until their successors are chosen according to these Bylaws.

(c)     **Duties of Officers.**  The Chair shall perform the corporate duties which pertain to that office.  The Chair shall appoint all committees and subcommittees of the Board and the chairperson thereof (except the Executive Committee).  The Vice Chair shall, in the absence of the Chair, perform the duties of the Chair.  The Secretary shall perform the corporate duties which pertain to that office, be custodian of the corporate seal, conduct the ordinary correspondence of the Board and maintain an accurate record of all proceedings of the Board and its committees.

(d)     **Vacancies in Office.**  Vacancies in any office or offices may be filled by the voting members present at any meeting of the Board.

(e)     **Officers of the University.**  The executive officers of the University shall be the President, one or more Vice Presidents as the President may from time to time determine, an associate secretary, three assistant secretaries, a Treasurer, and three assistant treasurers, all of whose appointments are  approved by the Board.  Executive officers may appoint and delegate responsibilities to assistants as they deem appropriate, but shall at all times remain specifically accountable to the President and the Board for the diligent performance of and oversight of their responsibilities as Officers of the University.  Except for the office of the President and Secretary, any two or more offices may be held by the same person.  The President shall hold office at the

29

pleasure of the Board, or until their death or resignation.  Each other executive officer shall hold office at the pleasure of the President, except that the removal of the Vice President and General Counsel shall be undertaken in consultation with the Chair of the Board.

**(f)**     The associate secretary and assistant secretaries shall assist the Secretary and/or associate secretary in the performance of their duties and may act for and on behalf of the University in the same manner and with the same authority as the Secretary and/or associate secretary.  The Treasurer shall receive and disburse all monies of the corporation as authorized by the Board.  The assistant treasurers shall assist the Treasurer in the performance of these duties and shall act for and on behalf of the University in the same manner and with the same authority as the treasurer.

**Section 5.02   Additional   Officers;   Other   Agents   and   Employees**.     Upon recommendation of the President, the Board of Trustees may from time to time appoint additional officers and  assistant officers as it  deems advisable.  The President of the University may employ from time to time such other administrative leaders, agents, employees and independent contractors as the President may deem advisable for the prompt and orderly transaction of the business of the University and may prescribe their duties and the conditions of their employment, fix their compensation and dismiss them at any time, without prejudice to their contract rights, if any.

**Section 5.03   The Chair**.  The Chair of the Board shall be elected from among the voting members of the Board, shall preside at all meetings of the Board as provided herein, and shall have such further powers and duties as are set forth in these Bylaws and as from time to time may be prescribed by the Board.  The Chair shall be an *ex officio* member of all standing committees and

subcommittees, entitled to vote thereon.  In the absence or disability of the Chair, the Vice Chair shall have the powers and perform the duties of the Chair.

**Section 5.04    The President**.  The President of the University shall be the chief executive officer of the University.  Subject to the control of the Board, the President shall have supervision of and general management and executive authority over all the properties, operations, business, affairs and employees of the University, and shall see that the policies and programs adopted or approved by the Board are carried out.  The President shall exercise such further powers and duties as are set forth in these Bylaws and as may from time to time be adjusted by the Board.  The President, as chief administrative officer, shall carry out all orders and directives of the Board and shall administer all policies of the Board, as well as University policies.  The establishment of senior administrative positions responsible directly to the President and the determination of the functions of such positions shall be made by the President, who may delegate authority to others. All administrative officers with the title of Vice President or Dean shall be appointed by the President, with notification to the Board of Trustees.  Removal of such administrative officers shall be made by the President and, in such event, the President shall inform the Board of Trustees of such removal at the next regular meeting of the Board.  The President, as chief policy officer, shall have final authority, subject to the revisions and orders of the Board of Trustees, to establish policy concerning educational policy and planning, student affairs, the instructional program, courses and curricula, personnel, admissions, graduation requirements, scholarships and honors, calendar requirements, business, planning, research, and finance; provided, however, that the President shall delegate to the faculty, as appropriately organized, subject to the orders of the President, the authority to establish policy concerning the approval and supervision of the instructional program, including courses and curricula, academic admission standards, graduation requirements, and

31

scholarships and honors. As set forth in Sections 5.09 (e) and (f) herein, the President shall consult with the faculty, as appropriately organized, in the establishment of policy concerning educational policy and planning, including general admissions policy, calendar, academic personnel, student affairs, and any other matter he or she shall deem appropriate. In addition, the President shall consult with the student body, as appropriately organized, in the area of student affairs.

**Section 5.05 The Vice President(s)**. The University may have one or more Vice President(s) appointed as Officers and given executive powers in designated areas by resolution of the Board, subject to the control of the President. Such Vice President(s) shall exercise such further powers and duties as are set forth in these Bylaws and as may from time to time be adjusted by the Board or the President, including employing those persons needed to assist such Vice President in carrying out their responsibilities. At the request of the President, or in their absence or disability, the Executive Vice President and Provost shall exercise the powers and duties of the President.

**Section 5.06 The Secretary and Associate Secretary and Assistant Secretaries**. It shall be the duty of the Secretary (a) to keep an original or duplicate record of the proceedings of the Board, and a copy of the Charter and of the Bylaws; (b) to give such notices as may be required by law or these Bylaws; (c) to be custodian of the corporate records and of the seal of the University and see that the seal is affixed to such documents as may be necessary or advisable; and (d) to exercise all powers and duties incident to the office of Secretary; and such further powers and duties as are set forth in these Bylaws and as may from time to time be adjusted by the Board or the President. The Associate Secretary and the Assistant Secretaries shall assist the Secretary in the performance of their duties and shall also exercise such further powers and duties as are set forth in these Bylaws and as may from time to time be adjusted by the Board, the President or the

32

Secretary.  At the direction of the Secretary or in their absence or disability, the Associate Secretary shall exercise the powers and duties of the Secretary.

**Section 5.07   The Treasurer and Assistant Treasurers**.  It shall be the duty of the Treasurer (a) to keep the University's contracts, insurance policies, leases, deeds and other business records; (b) to see that the University's lists, books, reports, statements, tax returns, certificates and other documents and records required by law are properly prepared, kept and filed; (c) to be the principal officer in charge of tax and financial matters, budgeting and accounting of the University; (d) to have charge and custody of and be responsible for the University's funds, securities and investments; (e) to receive and give receipts for checks, notes, obligations, funds and securities of the University, and deposit monies and other valuable effects in the name and to the credit of the University, in such depositories as shall be designated by the Board; (f) to cause the funds of the University to be disbursed by payment in cash or by checks or drafts upon the authorized depositories of the University, and to cause to be taken and preserved proper vouchers for such disbursements; (g) to render to the President and the Board whenever they may require it an account of all transactions as Treasurer, and reports as to the financial position and operations of the University; (h) to keep appropriate, complete and accurate books and records of account of all the University's business and transactions; and (i) to exercise all powers and duties incident to the office of Treasurer; and such further duties as are set forth in these Bylaws and as from time to time as may be prescribed in these Bylaws or by the Board or the President.  The assistant treasurers shall assist the Treasurer in the performance of their duties and shall also exercise such further powers and duties as are set forth in these Bylaws and as from time to time may be prescribed by the Board of Trustees, the President or the Treasurer.  At the direction of the

33

Treasurer or in their absence or disability, an assistant treasurer shall exercise the powers and duties of the Treasurer.

**Section 5.08    Vacancies**.   Any vacancy in any office or position by reason of death, resignation, removal, disqualification, disability or other cause shall be filled in the manner provided in this Article V and the Appendix to these Bylaws on Nomination, Election and Appointment of Trustees, as applicable, for regular election or appointment to such office.

**Section 5.09    Delegation of Duties**.  The Board may in its discretion delegate for the time being the powers and duties, or any of them, of any officer to any other person whom it may select. As authorized by the Board, an officer may delegate performance of specific duties to employees and agents of the University.

    **(a)**    Notwithstanding the foregoing, the following matters shall require the approval of the Board:

    **(i)**    Basic University Organization and Policy

        **a.**    Amendments to the Charter, Bylaws and Board directives;

        **b.**    Significant new University programs, schools or academic initiatives.

        **c.**    Authorization to grant degrees to graduates; and

        **d.**    Approval of the University's Strategic Plan.

    **(ii)**    Fiscal Matters

        **a.**    Establishment of major University fiscal policies;

        **b.**    State appropriation requests and annual operating budgets;

34

    **c.**    Acceptance of gifts, bequests, grants, fellowships, scholarships or loan funds that exceed parameters set forth in applicable University policy;

    **d.**    Establishment of, or changes in, tuition, housing and food rates and mandatory student fees;

    **e.**    Authorization to borrow money; authorization of persons to sign checks, contracts, legal documents and other obligations, and to endorse, sell, or assign securities; and

    **f.**    Selection of a firm to perform the annual audit of University accounts.

**(iii)**    Capital Projects

    **a.**    Establishment of, or material changes in the University's five-year Capital Plan;

    **b.**    Establishment of, or material changes in, existing policies on matters such as honorific naming of buildings, roads, fields and preservation of campus landmarks;

    **c.**    Purchase of land and other real estate with a purchase price of $1 million or more;

    **d.**    Sale or donation of land or other real estate, with the exception of the sale of land and other real estate with a sale price of less than $3 million gifted to the University for the express purpose of sale with proceeds benefitting the University;

35

**e.** Honorific and other naming decisions for individual buildings, roads and fields or as set forth in University policy, AD 05 Naming University Facilities and Academic Units;

**f.** Any new construction or renovation project for which the total project cost is $10 million or more, including:

1. Total project cost; provided however, that with the express approval of the Senior Vice President for Finance and Business, the University shall have the discretion to expend up to an additional 10 percent of the approved total project cost, as necessary; and

2. Awarding of contracts for construction;

**g.** Projects under $10 million in cost that are bond-financed.

**(iv)** Personnel Matters.

**a.** The selection, evaluation, compensation and removal of the President of the University, in accordance with policies and procedures adopted by the Board from time to time. This responsibility includes a commitment to grant the President broad delegated authority, to support the President in their the exercise of such authority, to judge the performance of the President, and if necessary, to remove the President. In the selection of a President, the Board shall consult with representatives of the faculty and the student body.

**b.** The establishment of and any changes to the University's executive compensation philosophy.

36

**c.**    The establishment of and any changes to the employment terms and conditions of the President of the University.

**d.**    The process by which Vice Presidents and Deans are appointed, and any material amendments or modifications to such process.

**(v)**    Subsidiaries

**a.**    Appointment of directors of each direct subsidiary of the University as provided in such subsidiary's articles of incorporation;

**b.**    Amendments to the articles of incorporation of each direct subsidiary of the University; and

**c.**    Exercise of rights reserved to the University in the articles of incorporation, bylaws or other governing documents of any direct or indirect subsidiary of the University.

**(vi)**    Miscellaneous

**a.**    Selection of the recipients of Distinguished Alumni Awards, honorary degrees and the Penn State Medal; and

**b.**    Selection of specific dates for regular meetings of the Board.

**(b)**    The delegation of authority set forth in this Section 5.09 requires that the Board rely on the judgment and decisions of those who operate under its authority. However, this reliance of the Board must be based upon its continuing awareness of the operations of the University. Therefore, the Board shall receive and consider thorough and forthright reports on the affairs of the University by the President or those designated by the President. The Board has a

37

continuing obligation to require information or answers on any University matter with which it is concerned.  In addition to such matters as the President of the University may determine, or as requested by the Chair of the Board, the following matters shall be presented to the Board or an appropriate standing committee for information:

**(i)** Basic University Organization and Policy

    **a.** New curricula and major changes in existing curricula;

    **b.** Major policy matters affecting student welfare and activities; and

    **c.** Major policy matters affecting research, including intellectual property policy.

**(ii)** Fiscal Matters

    **a.** Financial statements, and gifts, bequests, grants, fellowship, scholarships, loan funds that are in accord with established policy; and

    **b.** The University's annual reports filed under the Clery Act and the Pennsylvania Right to Know Act.

**(iii)** Personnel Matters

    **a.** Policies.  New  or significant changes to  existing employment policies ; and

    **b.** Executive Compensation – information regarding:

        1. executives (other than the President of the University), in accordance with policies and procedures recommended by the Human Resources Committee from time to time.

        2. the establishment of or changes to executive compensation and benefit programs and policies.

38

**(2)** Information regarding the appointment and removal of Vice Presidents and Deans.

**(iv)** Capital Projects

**a.** New construction or renovations projects with a total project cost equal to or greater than $5 million but less than $10 million;

**b.** Generic naming of individual buildings and roads and honorific naming of University facilities other than individual buildings, roads and fields;

**c.** Purchase of real estate with a purchase price of less than $1 million;

**d.** Reports on the sale of land and other real estate with a sale price of less than $3 million gifted to the University for the express purpose of sale;

**e.** Informational updates on the Capital Plan; and

**f.** Reports on the progress of new construction or renovation projects with a total project cost of $10 million or more.

**(c)** Board of Trustees Delegation of Authority to Certain University Administrative Officers.

**(i)** The President, Senior Vice President for Finance and Business, and other duly appointed Officers of the University are hereby fully authorized and empowered to execute and acknowledge all deeds, agreements and contracts, and to transfer and endorse, sell, assign, set over and deliver any and all shares of stock,

bonds, debentures, notes, evidences of indebtedness or other securities now or hereafter standing in the name of or owned by this University, and to make, execute, acknowledge, and deliver, under the corporate seal of this University, any and all written instruments necessary or proper to effectuate the authority hereby conferred.

(ii)    The Senior Vice President for Finance and Business may delegate in writing to such employees of the University as they may deem appropriate, the authority to execute and acknowledge on behalf of the University standardized agreements and contracts for which those employees have administrative responsibility.

(iii)    The Chief Investment Officer, or in such person's absence, the Managing Director, Operations of the Office of Investment Management, is hereby fully authorized and empowered on behalf of the University to transfer and endorse, sell, assign, set over and deliver any and all shares of stock, bonds, debentures, notes or other securities now or hereafter standing in the name of or owned by the University, and to make, execute, acknowledge, and deliver, under the corporate seal of the University, any and all written instruments necessary or proper to effectuate the authority hereby conferred.

(iv)    The Associate Secretary and assistant secretaries of this University, or any one of such officers, be and they are hereby fully authorized and empowered on behalf of this University to make, execute, acknowledge, and deliver, under the corporate seal of this University, any and all written instruments necessary or proper to effectuate the authority hereby conferred.

40

(d)    Subject to the provisions of Section 5.09(a)(v), the affairs of any direct or indirect subsidiary of the University shall be governed by the board of directors of such subsidiary in accordance with the articles of incorporation, bylaws or other governing documents of such subsidiary.

(e)    Faculty

i.    Responsibilities. The faculty, as appropriately organized, pursuant to delegation from the President, and subject to the revisions and orders of the President, shall establish policy concerning the approval and supervision of the instructional programs including courses and curricula, academic admissions standards, graduation requirements, and scholarships and honors.

ii.    Consultation by the President. The faculty shall be consulted by the President concerning student affairs, educational policy and planning, academic personnel, and any other matter upon the request of the President.

iii.    Communication with the Board. Official faculty communication to the Board of Trustees shall be made through the President and through faculty participation on the standing committees.

iv.    Regular Meetings. In furtherance of the objective of appropriate communication among the faculty, the administration and the Board of Trustees, a meeting will be held at least once per semester, attended by the President, the Provost and the Vice President for Administration, the Chair, Chair-Elect and Secretary of the Faculty Senate and the Chair and Vice

Chair of the Board of Trustees. Any of such individuals may initiate agenda items for any such meeting.

**(f)**    Student Body

    i.    Consultation by the President. The student body shall be consulted by the President concerning the establishment of policy for student affairs.

    ii.    Communication with the Board. Official student communication to the Board of Trustees shall be made through the President and through student participation on the standing committees.

    iii.    Participation in the Deliberations of the Faculty. Students may also participate in an appropriate manner in the deliberations of the faculty subject to the revisions and orders of the President.

## ARTICLE VI

## MISCELLANEOUS CORPORATE TRANSACTIONS AND DOCUMENTS

**Section 6.01    Execution of Notes, Checks, Contracts and Other Instruments**.    All notes, bonds, drafts, acceptances, checks, endorsements (other than for deposit), guarantees and all evidences of indebtedness of the University whatsoever, and all deeds, mortgages, contracts and other instruments requiring execution by the University, may be signed by the Chair, the President, the Senior Vice President for Finance or other duly appointed Officer, and authority to sign any of the foregoing, which may be general or confined to specific instances, may be conferred by the Board upon any other person or persons.  Any person having authority to sign on behalf of the University may delegate, from time to time, by instrument in writing, all or any part of such

42

authority to any other person or persons if authorized to do so by the Board, which authority may be general or confined to specific instances.

**Section 6.02    Voting Securities Owned by the University**.  Securities owned by the University and having voting power in any other university shall be voted by the President or any Vice President, unless the Board confers authority to vote with respect thereto, which may be general or confined to specific investments, upon some other person.  Any person authorized to vote such securities shall have the power to appoint proxies, with general power of substitution.

**ARTICLE VII**

**GENERAL PROVISIONS**

**Section 7.01    Offices**.  The principal business office of the University shall be located at 201 Old Main, University Park, Pennsylvania 16802.  The University may also have offices at such other places within or without the Commonwealth of Pennsylvania as the business of the University may require.

**Section 7.02    Corporate Seal**.  The Board shall prescribe the form of a suitable corporate seal, which shall contain the full name of the University and the year and state of its creation.

**Section 7.03    Fiscal Year**.  The fiscal year of the University shall end on June 30 or on such other day as shall be fixed by the Board.

**Section 7.04    Private Inurement**.  No part of the net earnings of the University shall inure to the benefit of, or be distributable to, its Trustees, officers or other private persons, except that the University shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth in these Bylaws and the University's Charter.

## ARTICLE VIII

## CONFLICTS OF INTEREST

This article sets forth specific responsibilities concerning Conflict of Interest and related matters and shall be read and implemented in concert with the Trustee Code of Conduct, Article II, Section 2.03.

**Section 8.01    Definitions.** For purposes of Sections 8.01 – 8.11 hereof, the following terms shall have the meanings set forth below.

**(a)    Board.** "Board" includes the Board itself and any Board Entity.

**(b)    Conflict of Interest.** A "conflict of interest" exists when a reasonable observer, having knowledge of all the relevant facts and circumstances, would conclude that a Trustee has an actual, apparent or potential conflict of interest in a matter related to the University. In addition to financial conflicts of interest, a conflict of interest includes a situation in which a Trustee, family member or related entity has an interest that may lead the Trustee to act in a way that is incompatible with or a breach of the Trustee's fiduciary duty to the University or use such Trustee's role to achieve personal gain or benefit or gain or benefit to family, friends or associates. As part of their duties to avoid conflicts of interest, Trustees shall refrain from requests of the President or staff for special consideration or personal prerogatives, including admissions, employment, athletic tickets and benefits and contracts for business.  To avoid conflict of interest, Trustees shall also refrain from using their position as a Trustee to market or endorse products or services in exchange for any personal benefit.  This does not preclude the recommendation of a service provider or vendor to the University where the Trustee does not receive anything in return. Trustees must be aware of the potential of conflicts arising from the solicitation or acceptance of benefits of any kind from third parties, including vendors and/or donors to the University.  Finally,

44

because engaging in business transactions with, receiving remuneration from and/or accepting any benefit from another Trustee— whether directly or indirectly— while both are serving on the Board can create the appearance of a conflict of interest, such transactions should be generally avoided and shall be promptly reported as set forth below.

(c)    **Disclose or Disclosure.** "Disclose" or "disclosure" means to provide a brief summary of the transaction, agreement or business arrangement and the Trustee's financial or other interest.

(d)    **Family Member.** A "family member" means a Trustee's spouse, child, parents, or siblings.

(e)    **Financial Conflict of Interest.** A "financial conflict of interest" exists when a Trustee, a family member or related entity has an actual or potential financial interest in a matter (i) that is pending before the Board for discussion or vote or (ii) in which the Trustee or a family member is personally involved. A financial conflict of interest does not include a student or employment relationship of a family member.

(f)    **Related Entity**. A "related entity" means a corporation, partnership, association or other entity where the Trustee or family member serves as an officer, director, partner or employee; expects to receive $5,000 or more in compensation for services in a calendar year; holds any equity in a non-publicly traded entity; or holds an interest of 5% or more in a publicly traded entity.

(g)    **Trustee**. For the purposes of this Article VIII, the term "Trustee" is any person with voting rights as a Trustee of the University.

(h)    **University.** For purposes of this Article VIII, the term "University" includes all direct and indirect subsidiaries thereof.

45

**Section 8.02   Disclosure**.   Each Trustee must disclose in writing to the Office of the Board of Trustees and to the Chair of the Board all situations that involve conflicts of interest as defined herein  as soon as the conflict of interest becomes known to such Trustee, with the understanding that the obligation is to make reasonable efforts to obtain information that might be required for disclosure.

**(a)        Disclosure of Conflicts of Interest.**  Any Trustee who becomes aware of a conflict of interest, including one created by an offered gift or benefit, should follow the procedures in this section for disclosure.  Trustees should review Sections 8.09 (Gifts and Favors) and 8.05 (Contracts or Transactions with the University) for additional guidance regarding potential conflicts of interest.  Trustees should further review the following Penn State policies for additional guidance on the University's policies for its employees regarding potential conflicts of interest: Penn State Policy BS07 Authority and Procurement, AD86 Acceptance of Gifts and Entertainment, and RP06 Disclosure and Management of Significant Financial Interests and  the Family Educational Rights and Privacy Act (FERPA) of 1974 .

**Section 8.03   Annual Disclosure.**  In addition to other annual disclosures required by law or policy, each Trustee must disclose annually and in writing to the Secretary of the Board all conflicts of interest as defined herein.  The annual disclosures of known conflicts of interest will be publicly available upon request.

**Section 8.04   Recusal and Cooperation**.  If a matter in which a Trustee has a conflict of interest comes before the Board for discussion or decision, the interested Trustee shall leave the Board meeting while the matter is discussed and voted upon.  The Trustee's interest and recusal shall be noted in the minutes, which shall be publicly available.  The Trustee shall also cooperate

46

with any instruction provided by the Chair or administrative leadership to ensure that any conflict of interest is being appropriately addressed.

**Section 8.05    Contracts or Transactions with the University.**

**(a)**    A contract or transaction between the University and a Trustee, family member or an entity in which a Trustee or family member has a beneficial interest of ten percent (10%) or more and the contract or transaction is valued at $10,000 or more must be approved by the Board in accordance with this Section.  The University official responsible for the matter must first conclude that it is in the best interests of the University to consider entering into such a contract or transaction.  In circumstances where the Trustee, family member or related entity is purchasing goods or services from the University, as opposed to selling such goods or services, the matter is presumptively in the University's interests if the price is fair and reasonable and the contract or transaction does not foreclose a similar transaction with another individual or entity. In other circumstances where the University is purchasing goods or services, the officer must first explore alternatives that do not involve an interest of the Trustee, family member or entity in which the Trustee or family member owns a beneficial interest of ten percent (10%) or more.  If, after exercising such due diligence, the official determines that it is in the best interests of the University to proceed, the matter must be submitted to the Board for approval.  The written materials submitted to the Board shall include a description of the contracting process, including the use of open and public bidding if possible and practical, and the official's analysis of why it is in the best interests of the University to proceed with the agreement or relationship.  The interested Trustee shall leave the meeting during the discussion and voting.  The Board shall determine by a majority vote of the disinterested Trustees whether the transaction or arrangement is in the University's best interests, the price and value provided are fair and reasonable to the University and whether to

47

approve the transaction or arrangement.  Any such decision shall be recorded in the minutes, which shall be publicly available.

**(b)**    Contracts or transactions of less than $10,000 between the University and a Trustee, family member or an entity in which the Trustee or a family member has a beneficial interest of ten percent (10%) or more will be disclosed to the Board annually in a written report which shall be available to the public.  The report shall include a certification by the appropriate officers of the University that such contracts or transactions were made in the normal course of business and were fair to the University.

**Section 8.06    Annual Statements**.  Each Trustee shall annually sign a statement that affirms that such Trustee (a) has received a copy of the Board's conflict of interest policy as expressed in this Article VIII, (b) has read and understands the policy, and (c) has agreed to comply with the policy.

**Section 8.07    Fiduciary Duty**.  Members of the Board stand in a fiduciary relationship to the University which reposes special confidence in each member.  Members of the Board shall act in good faith, with due regard to the interests of the University, and shall comply with the fiduciary and other principles set forth in the Code of Conduct, Article II, Section 2.03, in addition to any other University policies, state or federal requirements.  Trustees bring to their roles varied backgrounds and expertise, and they are selected in different ways, but they must keep the welfare of the entire University, not just a particular constituency, at all times paramount.

**Section 8.08    Misuse of Information.**  No member of the Board shall for personal gain or benefit or for the gain or benefit of others use any information not available to the public at large and obtained as a result of service to the University.  As set forth more fully in the Code of Conduct, Article II, Section 2.03(e), no member of the Board should make gratuitous demands for

48

records and information that are not reasonably related to their responsibilities as Trustees and or that pose an undue burden on the University and its staff.

**Section 8.09   Gifts and Favors**.  No member of the Board shall solicit or accept for personal use or for the use of others any gift, loan, gratuity, reward, promise of future employment or any other thing of monetary value based on any understanding that the vote, official action or judgment of the member would be influenced thereby.

**Section 8.10   Pre-Existing Contract or Transaction.**  A contract or transaction that would be required to be disclosed under this Article but which was entered into before the interested Trustee assumed office, or which became subject to this Article as a result of amendments to the Article, and which remains to be performed in whole or in part, shall be disclosed by the Trustee pursuant to Section 8.03 but is not subject to the voting and other requirements of this Article.

**Section 8.11   Certain Family Members as Employees**.  A record of all spouses or dependent children of Trustees who are employed by the University or an affiliated entity and where compensation exceeds $10,000 per year shall be maintained in the Office of the Board and the names and positions but not the amount of compensation shall be posted on the University's public website.

**Section 8.12   Employment of Trustees**.  No Trustee may be employed by the University in any capacity before the fifth (5th) anniversary of the date on which such person last served as a Trustee, except as approved by action of the Board.

**Section 8.13   Disclosure of Potential Conflict of Interest by Employees of the University**.  Employees of the University shall exercise the utmost good faith in all transactions touching upon their duties to the University and its property.  In their dealings with and on behalf

49

of the University, they shall be held to a strict rule of honest and fair dealings between themselves and the University.  They shall not use their positions, or knowledge gained therefrom, in such a way that a conflict of interest might arise between the interest of the University and that of the individual.  Employees shall disclose to the administrative head of the college or other unit in which they are employed, or other appropriate superior officer, any potential conflict of interest which they are aware before a contract or transaction is consummated.  Annual reminders of these Conflict of Interest responsibilities and necessary disclosures shall be provided to all employees.

**Section 8.14   Consultation**.  Any Trustee or University official may consult with the Secretary of the Board or the Vice President and University General Counsel concerning the interpretation or application of any of the provisions of Article VIII.

## <u>ARTICLE IX</u>

### <u>AMENDMENTS</u>

**Section 9.01   Amendments**.  These Bylaws may be amended, altered or repealed, and new bylaws may be adopted, by the Board at any regular or special meeting.  Except as specifically set forth in Article IV, no provision of these Bylaws shall vest any property or contract right in any person.

BYLAWS AMENDMENT HISTORY

May 6, 2016              Amended and Restated Bylaws adopted

November 4, 2016     Section 3.03(f)(vi) amended

July 21, 2017           Section 5.09 amended

November 10, 2017   Sections 2.12, 4.01 and 4.02 amended

May 3, 2019             Sections 5.09 and 8.01 amended

November 15, 2019   Section 2.01(b) amended

May 8, 2020             Sections 3.03 and 5.09 amended

September 18, 2020   Sections 2.01(a), 2.09, 3.02, 3.03(d), 3.03(e), 3.03(f)(i), 3.03(f)(iii),

3.03(f)(vii), 3.03(g), 3.03(h), 3.03(k), 3.03(l), 3.05, 3.06(b), 5.09(b)(iii) and 5.09(c)(iii) amended

May 7, 2021   Section 5.01(b) amended

July 30, 2024 Amended and Restated Bylaws adopted

51

**ELECTIONS APPENDIX TO BYLAWS:**
**Nomination, Election and Appointment of Trustees Including Emeriti**

Table of Contents

| I. | Section One: | The Role of the Governance Committee of the Board and its Nominating Subcommittee |
|---|---|---|
| II. | Section Two: | Requirements for the Different Trustee Group Candidates |
| III. | Section Three: | Alumni Election Procedures |
| IV. | Section Four: | Business and Industry Election Procedures |
| V. | Section Five: | Agricultural Trustee Election Procedures |
| VI. | Section Six: | Student Trustee Election Procedures |
| VII. | Section Seven: | Academic Trustee Election Procedures |
| VIII. | Section Eight: | At-Large Trustee Election Procedures |
| IX. | Section Nine: | Trustees *Emeriti* |
| X. | Section Ten: | Candidate Questionnaire |

---

**SECTION ONE:**
**THE ROLE OF THE GOVERNANCE COMMITTEE OF THE BOARD AND ITS NOMINATING SUBCOMMITTEE**

1. The Governance Committee of the Board of Trustees has authority over the Trustee nomination, election and appointment process, subject to the Charter and Bylaws of the University. The Committee's Nominating Subcommittee assumes the lead role in managing the Committee's responsibilities.

2. The Subcommittee:

   (a) Evaluates, recommends and reports on the Board's skill set inventory and recommends such modifications as may be necessary or appropriate while considering and integrating the Board's diversity needs across all dimensions as part of this annual review.

   (b) Develops and maintains the Statement of Interest and Candidate Questionnaire and Scorecard for Self-Assessment by prospective and incumbent Trustees ("Candidates" and "Candidate Questionnaire") set forth in Section Ten of this Appendix.

   (c) Works with the Office of the Board of Trustees ("Office of the Board") to ensure that instructions and required materials are provided to Candidates and that the Office of the Board timely and fairly reviews submitted Candidate Materials.[1]

---

[1] Taken together, the certification, references, biography/position statement, and Candidate Questionnaire are "Candidate Materials." Required Candidate Materials may be amended by the Nominating Subcommittee from time to time.

(d)     Helps to recruit prospective new Board members, particularly in the At-Large and Business and Industry ("B&I") Trustee categories.

(e)     Interviews and makes recommendations to the Board with respect to Candidates for the At-Large, B&I, Academic and Student Trustees.

(f)     OPTION ONE: Reviews Candidates for Alumni Trustee and indicates whether Candidates are "qualified" to serve on the board, which notation is placed beside Candidate names on the ballot.

OPTION TWO: Reviews Candidates for Alumni Trustee and determines whether Candidates are qualified to be placed on the ballot.

(g)     Shares the Board's Required Elements for Candidates along with the Board's Skills and Demographics Report and the "Candidate Questionnaire" with the Office of the Governor and Senate Leadership to support their processes in Trustee selections.

(h)     Considers and recommends Trustees to the Board for *emeritus* status.

## SECTION TWO:
## REQUIREMENTS FOR ALL CANDIDATES

1.     The Office of the Board provides information to all Candidates regarding required submittals and processes, and also determines when Candidate requirements are completed.  The Office of the Board provides prompt notification of any gaps in Candidate Materials as well as notice of completion to Candidates.

2.     Nominations (including self-nominations) for candidacy for At-Large, Alumni, Agricultural, B&I, Student and Academic Trustee seats are submitted to the Office of the Board. Whether new or incumbent, all Candidates (except gubernatorial appointees) must complete the following before their name will be placed on the ballot or nomination will be acted upon by the appointing authority.  Candidates must:

(a)     Register with the Office of the Board prior to any applicable deadline.

(b)     Undergo a standard background check, the results of which shall reflect no criminal convictions or pending criminal matters.

(c)     Sign a certification that they will adhere to the Code of Conduct both as a Trustee candidate and a Trustee.

(d)     Provide a list of three references who can speak to the Candidate's qualifications and experience.

(e)     Submit a biography/position statement.

2

(f)     Complete the "Candidate Questionnaire" set forth in Section Ten (X) which is made publicly available.

3.      Requirements applicable to particular individuals or groups:

(a)     Incumbent Trustees shall additionally submit a validation of "Record of Service" (as maintained by the Office of the Board including disclosure of any warnings, reprimands, or letters of censure received while serving on the Board.

(b)     All Candidates who would become Trustees for the first time must participate in an education session on the role of the Board, committee structures, fiduciary duties, and the Code of Conduct.

(c)     Gubernatorial appointees do not submit materials to the Office of the Board; however, before taking office they shall:

(i)     Undergo a standard background check, the results of which reflect shall no felony convictions or pending criminal matters.

(ii)    Sign a certification that they will adhere to the Code of Conduct.

(iii)   Complete the "Candidate Questionnaire."

(iv)    Participate in an education session on the role of the Board, committee structures, fiduciary duties, and the Code of Conduct.

**SECTION THREE:**
**ALUMNI TRUSTEE ELECTION PROCEDURES**

1.      Date of Election.  Elections for alumni members of the Board of Trustees ("Alumni Trustees") shall be held each year on the day preceding the annual Commencement, under the direction of two judges annually appointed for that purpose by the Chair of the Board of Trustees, and may be held either in connection with the Delegate Convention for the election of other members of the Board, or at such other hour of the same day, and such other place, as the Chair of the Board of Trustees may from time to time direct.

2.      Form of Ballot.  Only the official nominating and voting ballots may be used to nominate and vote for Candidates for Alumni Trustee.

3.      Nominations.  The Secretary of the Board of Trustees, or such other officer as may be from time to time designated by the Chair of the Board of Trustees, shall send to each qualified elector, as established in the Charter, whose email address is known, or such electors who make an individual request, in writing to the University, that such ballots be furnished to them, a notice stating the date at which the next election will be held and the names of Alumni Trustees whose terms will expire by law on the thirtieth day of June next following.  Such notice shall be sent each year not less than sixty days preceding the date on which such election is to be held, and shall invite nominations for vacancies then to occur.  Ballots for the nomination of Alumni Trustees must be received at the Office of the Board before 5:00 p.m. on the fifteenth day of the nomination period.  All persons who are nominated by as many as fifty [50] electors and who have completed and submitted the required Candidate materials shall be

3

announced as soon as practical after the twentieth day of April each year in a circular sent to all electors, with a form of ballot.

4.    Candidate Materials.  Candidate Materials along with the Nominating Subcommittee's designation of "Qualified" [*Should Option ONE be chosen*]  shall be posted no less than seven days before the ballot is sent to all electors.

5.    Position on Ballot.  Immediately after the last day fixed for depositing ballots to nominate candidates for Alumni Trustee, the Chair of the Board of Trustees shall fix a day and hour for casting lots for the position of names upon the election ballots.  The Secretary of the Board of Trustees shall give at least three days' notice of said date and hour to all Candidates nominated.  Any Candidate may appear in person or by a representative duly authorized in writing.  In the event that any Candidate is not present in person or by duly authorized representative at the time of casting of lots, it shall be the duty of the Secretary to appoint some person to represent such absentee.  After said lots are cast, the Secretary shall accordingly establish the order in which the names of said Candidates are to appear on the election ballot.

6.    Designation of Incumbents.  Incumbents shall not be identified as such on election ballots, but Candidate Materials shall identify incumbents with an asterisk.

7.    Position in Booklet.  Candidates' names shall be in alphabetical order in any publication of Candidate Materials.

8.    Duplicate Ballots.  A duplicate ballot may be issued to a voter only on a written or personal application to the Secretary of the Board of Trustees stating that the original ballot has been lost, mutilated, or destroyed.

9.    Candidate May Withdraw Name.  Each Candidate nominated shall be given the privilege of withdrawing his/her name.

10.   Election Returns.  All ballots for alumni trustees returned to the proper official in response to said circular and received by them on or before the day of election shall be safely kept by them, and by them delivered at the time and place of election to the two judges selected by the Chair of the Board of Trustees and shall by them be counted as cast at that time and place. Said judges shall make return to the Board of Trustees of the persons for whom ballots have been cast, either by letter or by electors in person, with the number of votes for each person; and the Board of Trustees shall thereupon determine and declare what persons have been elected to fill the vacancies aforesaid.  A plurality of votes only shall be required to elect and, in case of an equality of votes between two or more Candidates, the person or persons who shall hold said office or offices of trustee shall be designated by ballot of the Board of Trustees.

11.   Announcement of Results.  The names of the winning Candidates in the election shall be given publicity in the public press. The names of all Candidates and the number of votes received by each shall be made available for publication.

12.   Electronic Notices and Voting.  In order to be good stewards of the limited financial resources of the University, electronic mail may be used to communicate any required notices or other correspondence under this Appendix and an electronic balloting and voting process may be

4

used so long as reasonable accommodations are made to permit any qualified elector without access to electronic mail to participate in the election.

## SECTION FOUR:
## BUSINESS AND INDUSTRY TRUSTEE ELECTION PROCEDURES

The Charter of the Board of Trustees of The Pennsylvania State University provides for the election of six trustees who represent business and industry endeavors ("B&I Trustees").

1.      The Office of the Board of Trustees shall annually announce to the full Board the opportunity to nominate Candidates for B&I Trustee for consideration by the Nominating Subcommittee, and shall afford the full Board at least thirty days to submit such nominations and Candidate materials in advance of the Nominating Subcommittee's deliberations.  In addition to nominations received from individual trustees, the Nominating Subcommittee may cultivate additional Candidates, including persons nominated in previous years for membership on the Board as a representative of business and industry.  The Nominating Subcommittee and any Trustee submitting a nomination shall treat as confidential the identity of nominees.  The Nominating Subcommittee's efforts to develop Business and Industry Candidates may continue through the end of the month of June following the year of its appointment.

2.      The Board of Trustees shall publicly report the number (but not the names) of Candidates considered by the Nominating Subcommittee.

3.      The election of Trustees representing Business and Industry endeavors shall be held at the May meeting of the Board of Trustees.

## SECTION FIVE:
## AGRICULTURAL TRUSTEE ELECTION PROCEDURES

The Charter of the Board of Trustees of The Pennsylvania State University provides for the election of six trustees who represent the organized agricultural societies or associations in the Commonwealth ("Agricultural Organizations", "Agricultural Trustees").

1.      Date of Election. Election for two members of the Board of Trustees representing agricultural interests shall be held each year on the Thursday prior to the day for the annual Spring Commencement, under the direction of two judges annually appointed for that purpose by the Chair of the Board of Trustees. If the number of Candidates equals the number of available positions, the election process is unnecessary, and the Candidates will automatically assume the positions.

2.      Delegates.  Agricultural Organizations are not entitled to send delegates to participate in the election of Trustees unless they have at least fifteen (15) members in good standing and have been organized and in existence at least twelve (12) months preceding the election, and have duly notified the Secretary of the Board of Trustees of this fact at least sixty days prior to the election. Each Agricultural Organization is invited to send up to three delegates to participate in the election; provided, however, that if an Agricultural Organization has more than fifteen (15) members in good standing in more than one county, such Agricultural Organization may send up to three delegates from each such county and provided, further that the maximum number of delegates that may be sent by any Agricultural Organization to participate in the election shall be nine (9).  Each Delegate must be a member of the Agricultural Organization

that he or she represents.   Employees of The Pennsylvania State University are not permitted to serve as delegates.  The secretary or another authorized officer of each Agricultural Organization shall provide proof to the Secretary of the Board of Trustees, in form and substance satisfactory to the Secretary of the Board of Trustees, of the authority and eligibility of each delegate sent by such Agricultural Organization to participate in the election.   No proxies are permitted.

3.    Candidates.   Each Candidate must be an active member of an Agricultural Organization. Individual Candidates are invited to notify the Secretary of the Board of Trustees by February 25 of each year.  Each Candidate must complete and submit the required Candidate materials. The names of the Candidates (along with the Candidate Questionnaire and other materials, the agenda for the meeting, and the governance provisions for the election) will be distributed to the secretaries or other authorized officers of each Agricultural Organization whose contact information is on file with the Secretary of the Board of Trustees in advance of the election in order to better inform Agricultural Organization delegates.

4.    Nominations.  Nominations will be required for all Candidates on the day of the election.

5.    Registration.  The names of the delegates representing each Agricultural Organization must be provided by the secretary or another authorized officer of such Agricultural Organization to the Secretary of the Board of Trustees, in a form approved by the Secretary of the Board of Trustees, at least 30 days prior to the election.  An Agricultural Organization may amend its submission after that time but in no event shall changes be accepted if received by the Secretary of the Board of Trustees after 5:00 p.m. on the Monday prior to the election. Delegates must present a valid Pennsylvania driver's license or some other form of photo identification acceptable to the Secretary of the Board of Trustees in order to participate in the election, and may be registered as a delegate of only one Agricultural Organization and in only one county.

6.    Eligibility and Voting.  Only those delegates in attendance and duly registered are permitted to participate in the election and voting.  The following provisions also apply:

    (i)    Each county is permitted a maximum of three votes for the Candidates.

    (ii)    If a county is represented by more than three delegates, a caucus is required to determine the three from their number who will represent the county.

    (iii)    If fewer than three delegates represent a county, the county is permitted only as many votes as there are delegates.

    (iv)    Each voter must vote for two nominated Candidates.  Any ballot indicating a vote for a single Candidate shall not be counted.

7.    Announcement of Results.   The names of the winning Candidates in the election shall be given publicity in the public press. The names of all Candidates and the number of votes received by each shall be made available for publication.

6

**SECTION SIX:**
**STUDENT TRUSTEE ELECTION PROCEDURES**

1. The Selection Group on Board Membership for the Student Trustee shall be composed of eleven members (the incumbent Student Trustee, the President of the University Park Undergraduate Association, the President of the Graduate and Professional Student Association, the President of the Council of Commonwealth Student Governments and the President of the World Campus Student Government Association (the "Core Committee") plus six at-large undergraduate, graduate or professional student members selected by the Core Committee. The Selection Group shall recommend, in accordance with guidelines established by the Selection Group and approved by the Nominating Subcommittee, a preferred Candidate for membership on the Board of Trustees representing the student body of the University. [2]

2. The Nominating Subcommittee (including the incumbent Student Trustee) shall interview the preferred Candidate (and, if necessary, any alternate Candidates) and shall forward the recommended Candidate's name to the Board. The Nominating Subcommittee shall treat as confidential the identities of all Candidates.

3. The name and Candidate Materials of the Candidate recommended by the Nominating Subcommittee shall be submitted for confirmation by the Board (for approval or rejection of the recommended Candidate only). It is expected that the Board would approve the recommended Candidate unless issues with the Candidate's Materials, student conduct issues, academic standing issues or other issues arise or exist that in the opinion of the Board would make the preferred Candidate unsuitable for service on the Board.

4. The election of the Student Trustee shall be held at the May meeting of the Board.

**SECTION SEVEN:**
**ACADEMIC TRUSTEE ELECTION PROCEDURES**

1. The University Faculty Senate shall recommend, in accordance with procedures and guidelines established by the Faculty Senate and approved by the Nominating Subcommittee Committee, a preferred Candidate for membership on the Board representing the faculty of the University.[3]

2. The Nominating Subcommittee shall interview the preferred Candidate (and, if necessary, alternate candidates) and shall forward the recommended Candidate's name and candidate materials to the Board of Trustees.

3. The name and Candidate Materials of the Candidate recommended by the Nominating Subcommittee shall be submitted for confirmation by the Board (for approval or rejection of the recommended candidate only). It is expected that the Board would approve the Candidate recommended by the Faculty Senate unless issues with the recommended Candidate's Materials or other issues arise or exist that in the opinion of the Board would make the

---

[2] The Guidelines provide that the Selection Group would identify a preferred Candidate and two ranked Candidates.

[3] The Guidelines provide that the Faculty Senate would identify a preferred Candidate and two ranked Candidates.

preferred Candidate unsuitable for service on the Board.    The Faculty Senate and the Nominating Subcommittee shall treat as confidential the identities of all Candidates.

4.    The election of the Academic Trustee shall be held at the May meeting of the Board of Trustees.

### SECTION EIGHT:
### AT-LARGE TRUSTEE ELECTION PROCEDURES

1.  The Office of the Board of Trustees shall annually announce to the full Board the opportunity to nominate Candidates for consideration by the Nominating Subcommittee, and shall afford the full Board at least thirty days to submit such nominations and candidate materials in advance of the Nominating Subcommittee's deliberations.  In addition to nominations received from individual trustees, the Nominating Subcommittee may cultivate additional Candidates, including persons nominated in previous years for membership on the Board. The Nominating Subcommittee and any trustee submitting a nomination shall treat as confidential the identity of nominees.  The Nominating Subcommittee's efforts to develop Candidates may continue through the end of the year of its appointment.

2.  The Board of Trustees shall publicly report the number (but not the names) of Candidates considered by the Nominating Subcommittee.

3.  The election of At-Large Trustees shall be held at the May meeting of the Board of Trustees.

### SECTION NINE:
### TRUSTEES *EMERITI*

1.    <u>Granting the Status of Trustee Emeritus to Former Members of the Board</u>.  The status of Trustee Emeritus shall be reserved for any living former member of the Board of Trustees who has served as a board member for six years or more with distinction. Trustees shall be eligible for consideration to receive such status immediately upon retirement from active service on the Board of Trustees.  The Nominating Subcommittee shall review the service of a Trustee upon such Trustee's retirement and shall make a recommendation to the Board of Trustees.  Criteria to be considered by the Committee shall include offices held, attendance record, participation in the activities of the Board, length of service, or other significant contributions to the governance of the University.  The Committee may also take into account the Trustee's fulfillment of the Board's expectations of membership as set forth in applicable policies and the Code of Conduct.  Each former Chair of the Board of Trustees will be entitled to automatic trustee *emeritus* status upon retirement or resignation.

2.    The election of Trustees *Emeriti* will be held at the September meeting of the Board of Trustees.

3.    The status of Trustee *Emeritus* shall be applicable for a term of six years.  At the end of such six year period, individuals who have been granted Trustee *Emeritus* status shall retain the title and may be invited to continue to participate in University activities and events at the discretion of the Chair of the Board of Trustees.  All other privileges associated with the status of Trustee *Emeritus* shall expire.  The term of an Trustee *Emeritus* may be terminated early for good cause as determined by the Chair and majority vote of the Executive Committee of the Board.

8

4.      Individuals with the status of Trustee *Emeritus* shall be invited to attend public meetings of the Board of Trustees and Standing Committees thereof and may participate at the discretion of the presiding officer of such meeting.  Trustees *Emeriti* shall not have the right to attend executive sessions of the Board of Trustees or any Standing Committees thereof or to attend any portion of any meeting at which attorney-client privileged discussions are held unless the presiding officer of such session determines, after consultation with counsel, that such attendance is appropriate and advisable.  Trustees *Emeriti* shall receive or be given access to documents and other materials that are made public, and may receive or have access to the University's confidential, proprietary or attorney-client privileged materials at the discretion of the presiding officer of the meeting at which such materials are to be discussed.  *Emeritus* Trustees must adhere to all expectations of Trustees set forth in the Trustee Code of Conduct Section 2.03 of the Bylaws.

5.      Trustees *Emeriti* may be appointed by the Chair of the Board of Trustees, at the Chair's discretion, to serve as non-voting members of certain Standing Committees or Board Entities.

6.      At the discretion of the Chair of the Board of Trustees, Trustees *Emeriti* shall be invited to participate in University events and activities, to serve as an advisor or mentor, to consult on University matters and/or to serve the University in such other capacities as the Chair may determine are advisable and appropriate.

7.      The University shall reimburse Trustees *Emeriti* for reasonable expenses associated with service as Trustees *Emeriti* in accordance with policies applicable to the Board of Trustees from time to time.

**SECTION TEN:**
**THE "STATEMENT OF INTEREST AND CANDIDATE QUESTIONNAIRE/SCORECARD FOR SELF-ASSESSMENT BY POTENTIAL AND INCUMBENT TRUSTEES"**

| | | |
|---|---|---|
| Engagement with Penn State: Describe your connection to Penn State and why it has prepared you to guide the University's strategic future. | *Narrative description of the nature of the Candidate's engagement, the length of service, and the depth of commitment reflected.* | Self-Assessment Scorecard: YES or NO |
| Experience with governance/board service: What experience do you have participating in a collaborative fiduciary decision-making body? | *Narrative description of the Candidate's history of service and approach to work in a decision-making body.* | Self-Assessment Scorecard: YES or NO |
| Brings 1-2 skills from skillset inventory: What of the skills reflected in the Board Skillset Inventory would you bring to your service as a Penn State trustee and how did you develop this skill/these skills? | *Narrative description of the Candidate's relevant skill set and other relevant expertise, including how attained.* | Self-Assessment Scorecard: YES or NO |
| What about your life experience and unique background makes your voice | *Narrative description of the Candidate's unique perspective and* | Self-Assessment Scorecard: |

9

| important to be heard at the Board of Trustees? | *experiences and how they will positively impact the work of the Board of Trustees.* | YES or NO |
|---|---|---|

*[Different first page setting changed from off in original to on in modified.].*

# Bylaws for Board of Trustees
# July 30, 2024

AMENDED AND RESTATED

BYLAWS

of

THE PENNSYLVANIA STATE UNIVERSITY

Adopted May 6, 2016 [Adopted July 30, 2024]

As Amended November 4, 2016and Restated:

November 4, 2016, July 21, 2017, November 10, 2017, May 3, 2019, November 15, 2019,

Amended July 21, 2017
Amended November 10, 2017
Amended May 3, 2019
Amended November 15, 2019
Amended May 8, 2020
, Amended September 18, 2020
, May 7, 2021 and [July 30, 2024]Amended May 7, 2021

*[Different first page setting changed from off in original to on in modified.].*

## <u>TABLE OF CONTENTS</u>

**Page**

ARTICLE I NAME AND PURPOSE ........................................................................1

Section 1.01        Name ...........................................................................1
Section 1.02        History ........................................................................1
Section 1.03        Purpose .......................................................................1

ARTICLE II TRUSTEES ............................................................................~~2~~1

Section 2.01        Number, Election, Appointment and Term of Office...............~~2~~1
Section 2.02        Qualifications for Membership ...........................................4
Section 2.03        ~~Removal~~Trustee Code of Conduct. ....................................5
Section 2.04        Role and Responsibilities of Trustees ..................................9
Section 2.05        Trustee Sanction or Removal ............................................10
Section ~~2.04~~2.06 Regular Meetings; Notice.......................................~~6~~13
Section ~~2.05~~2.07 Annual Meeting of the Board..................................~~6~~13
Section ~~2.06~~2.08 Special Meetings; Notice.......................................~~6~~14
Section ~~2.07~~2.09 Quorum...........................................................~~7~~14
Section ~~2.08~~2.10 Actions..........................................................~~7~~14
Section ~~2.09~~2.11 Meetings ~~via~~Via Electronic Communication .........~~7~~15
Section ~~2.10~~2.12 Resignations....................................................~~8~~15
Section ~~2.11~~2.13 Vacancies.......................................................~~8~~15
Section ~~2.12~~2.14 Compensation; Reimbursement of Travel Expenses...........~~8~~16
Section ~~2.13~~2.15 Certain Meetings................................................~~8~~16

ARTICLE III COMMITTEES ~~AND SUBCOMMITTEES~~...............................~~8~~16

Section 3.01        Committees and ~~Subcommittees~~...............................~~8~~Other Board Entities 16
Section 3.02        Executive Committee ....................................~~9~~17
Section 3.03        Standing Committees ~~and Subcommittees~~...............~~10~~19
Section 3.04        Quorum and Actions ....................................~~19~~24
Section 3.05        Authority of Board ......................................~~19~~24
Section 3.06        Special Assignments....................................~~20~~24

ARTICLE IV LIABILITY AND INDEMNIFICATION..................................~~20~~25

Section 4.01        Personal Liability of Trustees .........................25
Section 4.02        Indemnification ...........................................25

~~Section 4.01        Personal Liability of Trustees .........................20~~

~~Section 4.02        Indemnification .........................................21~~
ARTICLE V OFFICERS AND EMPLOYEES........................................~~24~~28

~~Section 5.01        Officers .....................................................24~~
Section 5.01        Officers.......................................................28

*[Different first page setting changed from off in original to on in modified.].*

Privileged and Confidential                                      Discussion Draft July 16, 2024

Section 5.02    Additional Officers; Other Agents and Employees....................~~25~~30
Section 5.03    The Chair...................................................................~~26~~30
Section 5.04    The President.............................................................~~26~~31
Section 5.05    The Vice President(s) ................................................~~27~~32
Section 5.06    The Secretary~~,~~ and Associate Secretary and Assistant Secretaries ..........~~28~~32
Section 5.07    The Treasurer and Assistant Treasurers .......................~~28~~33
Section 5.08    Vacancies..................................................................~~29~~34
Section 5.09    Delegation of Duties...................................................~~29~~34

ARTICLE VI MISCELLANEOUS CORPORATE TRANSACTIONS AND DOCUMENTS
.....................................................................................................~~37~~42
Section 6.01    Execution of Notes, Checks, Contracts and Other Instruments ................~~37~~42
Section 6.02    Voting Securities Owned by the University................................~~37~~43

ARTICLE VII GENERAL PROVISIONS...........................................................~~38~~43
Section 7.01    Offices .....................................................................~~38~~43
Section 7.02    Corporate Seal ..........................................................~~38~~43
Section 7.03    Fiscal Year................................................................~~38~~43
Section 7.04    Private Inurement ......................................................~~38~~43

ARTICLE VIII CONFLICTS OF INTEREST ......................................................~~38~~44
Section 8.01    Definitions~~.~~.............................................................~~38~~44
Section 8.02    Disclosure ................................................................~~40~~46
Section 8.03    Annual Disclosure ......................................................~~40~~46
Section 8.04    Recusal ....................................................................~~40~~46
Section 8.05    Contracts or Transactions with the University~~.~~...................~~40~~47
Section 8.06    Annual Statements......................................................~~41~~48
Section 8.07    Fiduciary Duty...........................................................~~42~~48
Section 8.08    Misuse of Information ..................................................~~42~~48
Section 8.09    Gifts and Favors ........................................................~~42~~49
Section 8.10    Pre-Existing Contract or Transaction ...............................~~42~~49
Section 8.11    Certain Family Members as Employees............................~~42~~49
Section 8.12    Employment of Trustees...............................................~~43~~49
Section 8.13    Disclosure of Potential Conflict of Interest by Employees of the University~~43~~ 49
Section 8.14    Consultation...............................................................~~43~~50

ARTICLE IX AMENDMENTS .......................................................................~~43~~50
Section 9.01    Amendments..............................................................~~43~~50

*[Different first page setting changed from off in original to on in modified.].*

*[Different first page setting changed from off in original to on in modified.].*

# THE PENNSYLVANIA STATE UNIVERSITY

## Amended and Restated Bylaws

### ARTICLE I ~~ARTICLE I~~

### NAME AND PURPOSE

**Section 1.01** ~~Section 1.01~~ **Name**.  The name of the corporation is The Pennsylvania State University (~~hereinafter referred to as~~ the "University"), existing under the Pennsylvania Nonprofit Corporation Law of 1988<u>, as amended from time to time</u>.

**Section 1.02** ~~Section 1.02~~ **History**.  The University was created as the Farmers' High School by special act of the Pennsylvania legislature on February 22, 1855.  The name of the institution ~~has been~~<u>was</u> changed successively to the Agricultural College of Pennsylvania in 1862, the Pennsylvania State College in 1874 and The Pennsylvania State University in 1953.  On August 28, 1878, after the enactment of Pennsylvania's first corporation law~~,~~ and pursuant to the provisions thereof, the institution elected to be subject to such corporation law and thereafter~~,~~ has been existing under such law, as such law has been amended, supplemented<u>,</u> and modified from time to time.

**Section 1.03** ~~Section 1.03~~ **Purpose**.  The University was formed in 1855 as an institution for the education of youth in the various branches of science, learning and practical agriculture, as they ~~are connected with~~<u>relate to</u> each other.  The University currently exists as a multi-campus public research university that educates students from Pennsylvania, the nation and the world, and improves the wellbeing and health of individuals and communities through integrated programs of teaching, research, and service.

~~05/07/2021~~

*[Different first page setting changed from off in original to on in modified.].*

Privileged and Confidential · Case 4:26-cv-01442-MWB · Document 1-3 · Filed 05/27/26 · Discussion Draft 07/01/2024 · Page 70 of 146

## ARTICLE II~~ARTICLE II~~

## TRUSTEES

**Section 2.01** ~~Section 2.01~~ **Number, Election, Appointment and Term of Office**. The affairs of the University shall be managed by a Board of Trustees (the "Board").

**(a)** The number of Trustees which shall constitute the full Board ~~of Trustees~~ shall be fixed at thirty-eight (38), as set forth herein.

**(i)** *Ex Officio* Voting Members. The Secretary of Education, the Secretary of Agriculture and the Secretary of Conservation and Natural Resources of the Commonwealth of Pennsylvania shall be *ex officio* voting members of the Board ~~of Trustees~~.

**(ii)** ~~Ex Officio~~*Ex Officio* Non-Voting Members. The Governor of the Commonwealth of Pennsylvania and the President of the University shall be *ex officio* non-voting members of the Board ~~of Trustees~~.

**(iii)** Members Appointed by the Governor. Six voting members of the Board ~~of Trustees~~ shall be appointed by the Governor of the Commonwealth of Pennsylvania.

**(iv)** Members Elected by the Alumni. Nine voting members of the Board ~~of Trustees~~ shall be elected by the alumni and former students of the University.

**(v)** Members Elected by Agricultural Organizations. Six voting members of the Board ~~of Trustees~~, who shall be members of and represent organized agricultural societies and associations in the Commonwealth of Pennsylvania, shall be elected by three delegates from each county in the Commonwealth representing organized agricultural societies or associations ~~of the~~within said county.

[Different first page setting changed from off in original to on in modified.].

**(vi)**    Members Elected ~~Representing~~<u>from</u> Business and Industry.  Six voting members of the Board ~~of Trustees~~ representing business and industry endeavors shall be elected by the Board ~~of Trustees~~.

**(vii)**    A Member Elected ~~Representing~~<u>representing</u> the Student Body.  In May 2015 and bi-annually thereafter, a voting member of the Board ~~of Trustees~~ ~~representing~~<u>from</u> the student body (the "Student Trustee") shall be elected by the Board ~~of Trustees~~.

**(viii)**    A Member Elected ~~Representing~~<u>representing</u> the Faculty.  In May 2015 and every three years thereafter, a voting member of the Board ~~of Trustees~~ ~~representing~~<u>from</u> the faculty <u>(the "Academic Trustee")</u> shall be elected by the Board ~~of Trustees~~.

**~~(ix)~~**    ~~A    Member    Representing~~<u>The    Immediate    Past President of</u> the Penn State Alumni Association.

Commencing July 1, 2015, and bi-annually thereafter, the immediate past President of the Penn State Alumni Association shall become an *ex officio* voting member of the Board ~~of Trustees~~.

**(x)**    At-Large Members Elected by the Board of Trustees.  In May 2015 three at-large voting members ~~shall be~~<u>were</u> elected by the Board ~~of Trustees~~.  Thereafter, one at-large voting member shall be elected annually by the Board ~~of Trustees~~.

**~~(b)~~**    Each Trustee shall serve for a term of three (3) years, except that the Student Trustee and the ~~Trustee who serves ex-officio as the~~ immediate past President of the Penn State Alumni Association shall each ~~have~~<u>serve for</u> a two (2) year term.  No individual may serve as a Trustee for more than a total of twelve years, whether ~~or not~~ in consecutive terms~~; provided,~~

however, that

or otherwise and regardless of when they first assumed a position as Trustee, whether elected or appointed.  This ~~(i) Any Trustee who has served for twelve years or more as of November 15, 2019 may complete the term for which such Trustee was most recently elected or appointed but shall not be eligible~~

*[Different first page setting changed from off in original to on in modified.].*

Privileged and Confidential Case 4:26-cv-01442-MWB Document 1-3 Filed 05/27/26 Discussion Draft 731 of 1462024 Page 73 of 146

for subsequent election or appointment as a Trustee; (ii) Any Trustee as of November 15, 2019 whose next reelection or reappointment would cause such Trustee, if such Trustee serves for the entirety of such new term, to exceed twelve total years of service may complete the term for which such Trustee is reelected or reappointed but shall not be eligible for subsequent election or appointment as a Trustee; and (iii) this subsection (b) shall not apply to any Trustee who serves in an *ex officio* capacity, except the immediate past President of the Penn State Alumni Association. Trustees shall be separated into three groups of substantially equal number so that the terms of approximately one third of the Trustees shall expire each year. Each Trustee shall serve until his or hertheir term expires, and thereafter until such Trustee's successor is duly elected or appointed, or until such Trustee's earlier death or, resignation or removal.

(c)	The Board authorizes the Governance Committee of the Board and its Nominating Subcommittee to oversee the implementation of Board policies and procedures regarding the nomination, election and appointment of Trustees. The Committee and Subcommittee shall publish and maintain the Appendix to these Bylaws on Nomination, Election and Appointment of Trustees (including Emeriti). The qualifications, requirements and procedures set forth in the Appendix are binding on all candidates, nominees or potential appointees.

Section 2.02	Qualifications for Membership.

(a)	Section 2.02	Qualifications for Membership. (a)	Members of the Board of Trustees shall be natural persons of full age who need not be residents of the Commonwealth of Pennsylvania. A person who is employed in any capacity by the University shall not be eligible to serve as a member of the Board of Trustees. This; provided, however, that this qualification for membership shall not apply to a person who is an(i) any *ex officio* member of the Board of Trustees, a trustee elected pursuant to Section 2.01(a)(viii), or to a person who is a student employed part-time by the University. A person, (ii) the Academic Trustee or (iii) the Student Trustee. Persons subject

to this disqualification shall not be eligible to serve as a member of the Board ~~of Trustees~~ for a period of five (5) years from the July 1 coincident with or next following the date of ~~(a)~~their last employment in any capacity by the University or ~~(b)~~ the last day of ~~such person's~~their employment with the Commonwealth of Pennsylvania as Governor, Lieutenant Governor, Attorney General, Auditor General or State Treasurer. ~~This qualification for membership shall not apply to a person who is an *ex officio* member of the Board of Trustees, nor to a person who is a student employed part- time by the University.~~

**(b)**     Only graduates of ~~The Pennsylvania State~~the University who shall have received an associate degree, a bachelor's degree, or an advanced degree from the University shall

be eligible to serve as a ~~trustee~~Trustee elected by the alumni.  No member of ~~the faculty or~~ the governing board of any other college or university ~~in Pennsylvania~~ shall be eligible to serve as a ~~trustee elected by the alumni~~Trustee.

(c)    No individual previously removed from the Board under Section 2.05 shall be eligible to stand for election or serve again as a Trustee; such prohibition is to be permanent.

(d)    ~~(b)~~ The Student Trustee shall at all times during their two year term be a full-time undergraduate, graduate or professional student, in good academic standing and in a degree seeking program at the University.

Section 2.03    Trustee Code of Conduct.

(a)    General Statement.  Trustees have crucial fiduciary responsibilities towards the University under these Bylaws (Article VIII, Section 8.07) as well as applicable law.  Trustees of the University must conduct themselves in a manner that is in keeping with those responsibilities as well as the mission and values of the University.  Trustees must adhere to the requirements outlined in these Bylaws, any standing orders, as well as applicable University policies and laws.  Trustees agree that they are subject to sanction up to and including removal if they fail to adhere to this Code of Conduct in connection with their service as a Trustee.  Emeriti Trustees must also adhere to the requirements outlined in this Code of Conduct.

(b)    Professionalism.  Trustees shall conduct themselves with professionalism, embodying respect and courtesy for others.  Trustee activities shall be undertaken in good faith and always in the best interests of the University, upholding the University's reputation for integrity and excellence.  Trustees shall exercise good judgment as a guide to acceptable conduct in the exercise of their duties and shall consult with appropriate Board leadership or staff in the event there are questions about the best course of action and conduct. Trustees shall act in a way that merits the

*[Different first page setting changed from off in original to on in modified.].*

Privileged and Confidential    Case 4:26-cv-01442-MWB    Document 1-3    Filed 05/27/26    Discussion Draft 76 of 146 2024    Page 76 of 146

continued trust and confidence of the University's students, alumni, community, faculty, staff, and other stakeholders.

(c)    **Meetings and Other Responsibilities.**    Trustees must prepare diligently, attend required meetings of the Board (as set forth in Section 2.04), and assigned committees, and participate constructively in all Board of Trustees meetings and related activities by reading the agenda and supporting materials.  Trustees shall speak openly, freely, and candidly within the Board, while being mindful that any public dissent from Board decisions must be done as trusted stewards of a public institution.  Because a university is a free marketplace of competing ideas and opinions, its governance mandates open communication as well as principled, civil, and respectful debate.  At the same time, Trustees must always protect and act in the best interest of the University, being cognizant that the tone and substance of their words whether in the board room or in public, including on social media platforms, reflect on the University that they are entrusted to serve and can adversely affect its wellbeing.  While Trustees think independently and make informed individual decisions about what they feel is in the best interests of the University, they shall support majority decisions of the Board and work cooperatively with fellow Board members and the Administration to advance the University's goals.  Negative or critical public statements about the Board, the University or its students, alumni, community, faculty, staff, and other stakeholders do not serve the University's interests and are inconsistent with a Trustee's fiduciary obligation to act always in the best interests of the University.  Trustees shall extend goodwill to one another and to all members of the University community in board sessions and in public forums, including social media.

(d)    **Demonstrating and Promoting Ethical Conduct.**    Trustees must conduct themselves ethically, demonstrating honesty, integrity, fairness, respect and professionalism toward all matters and persons.  Trustees shall undertake their duties in a manner consistent with a scrupulous regard for the highest standards of ethical conduct and personal integrity.  No Trustee shall provide

inaccurate, misleading, false, or fraudulent information with respect to the University or its finances or operations.  No Trustee shall make bad faith allegations of wrongdoing, *e.g.*, allegations that are knowingly false, capricious, maliciously motivated or made with reckless disregard for fact.

        **(e)**      **Confidentiality, Privacy and Access to Information.**  Trustees shall respect University policies, including honoring the appropriate designated channels for making requests for information or communication.  Trustees are entitled to information that is reasonably related to their duties as Trustees and shall be cognizant of the burden that their requests place on the Administration.  The reasonableness of a Trustee's request for information is assessed in light of the Trustee's responsibilities as a member of the Board; anticipated Board actions/discussions; and/or the individual Trustee's duties as a member of a specific committee.   The Board Chair and applicable committee chairs have authority to review the reasonableness of requests from individual Trustees for information or documents and may narrow or deny any request deemed to be beyond the reasonable scope of a Trustee's legitimate interest as a fiduciary of the university.  The Chair of the Board serves as the final arbiter of disputes regarding Trustee requests for information or records. "Confidential information" includes nonpublic information concerning the University, including its finances, operations, and personnel, as well as nonpublic information about internal Board discussions and dynamics.  The confidentiality of University information and data shall be maintained as a fundamental fiduciary responsibility of Trustees.  The unauthorized release, use, access, or retention of confidential or proprietary information, regardless of intent, is strictly prohibited.  All information furnished to Trustees may be used only for purposes consistent with such Trustee's fiduciary duties and responsibilities to the University.   Other state and federal laws (including, for example, the Family Educational Rights and Privacy Act (FERPA) of 1974) as well as University policies establish privacy and confidentiality protections for data and information that

[Different first page setting changed from off in original to on in modified.].

Privileged and Confidential Discussion Draft 7/16/2024

may be received by Trustees in the course of their service.  Trustees shall respect and abide by all such laws and policies.

(f)    **Non-Discrimination/Harassment/Sexual Misconduct.**  All Trustees should familiarize themselves with the University's policy entitled Discrimination and Harassment and Related Inappropriate Conduct (AD 91).  Any form of discrimination or harassment by a Trustee in the performance of their duties as a Trustee which violates federal, state, or local law, or the University policy is a violation of this Code of Conduct.

(g)    **Obeying the Law and Reporting Misconduct.**  All Trustees shall comply with and conduct themselves in accordance with the spirit and letter of all federal, state, and local laws and regulations, as well as University policies in their activities as Trustees.  Consistent with the University's Disclosure of Wrongful Conduct and Protection From Retaliation policy (AD 67), Trustees are encouraged and expected to report in good faith any misconduct and/or illegal activity that might be conducted by other Trustees.  The University will never retaliate against a Trustee for a good faith report of Wrongful Conduct (as defined in AD 67).  Any Trustee who is found to have engaged in retaliation will be subject to disciplinary action, up to and including removal from membership on the Board of Trustees.

(h)    **Avoiding Conflicts of Interest and the Appearance Thereof.** Trustees shall avoid situations involving conflicts of interest, as defined extensively in Article VIII, Section 801. Trustees shall diligently comply with the Board's conflict of interest policies and procedures as set forth in Article VIII of the Bylaws (*e.g.*, Sections 8.01-8.14), and any applicable University policies referenced therein.

(i)    **Enforcement.**  Failure to comply with this Code of Conduct is a serious breach and triggers the enforcement provisions reflected in Section 2.05 (Trustee Sanction or Removal).

05/07/2021                                                    - 10 -

*[Different first page setting changed from off in original to on in modified.].*

**Section 2.04    <u>Role and Responsibilities of Trustees.</u>**

<u>**(a)**    The Board as a whole makes decisions and instructs the Administration collectively as the governing body of the University. Unless specifically authorized by the Board or the Chair, no individual Trustee has the authority to direct administrators with respect to the performance of their duties for the University or to otherwise act on behalf of the University or the Board. Furthermore Trustees should refrain from reaching out directly to the Administration and should instead direct questions or requests to the Board Office, Committee Leadership or Board Leadership.</u>

<u>**(b)**    Trustees speak for the Board or the University only when specifically authorized to do so by the Board or the Chair; it being recognized and understood that it is important for the Board to convey a consistent message and that the Chair or their designee generally serves exclusively as the spokesperson for the Board.</u>

<u>**(c)**    In any interactions with students, faculty, staff, and university-affiliated groups, Trustees shall be cognizant of their special role and fiduciary responsibilities.  Trustees shall recognize that communication of an individual Trustee's views can be assumed to be an expression of the Board's position as a whole and should make diligent efforts to avoid such misunderstandings. Trustees shall coordinate all media and press statements, interviews and/or background discussions done in a Trustee capacity with the Board Office, who will engage Strategic Communications as needed.</u>

<u>**(d)**    Trustees shall support the University's philanthropic efforts, including by making the University a top philanthropic priority to the extent of one's personal ability.</u>

<u>**(e)**    All Trustees are required to attend (in person or virtually) at least 75% of the five regularly scheduled meetings of the full Board of Trustees in a given year and shall diligently participate in any Committees to which they are assigned. Failure to meet this requirement in a given</u>

[*Different first page setting changed from off in original to on in modified.*].

Privileged and Confidential

Case 4:26-cv-01442-MWB    Document 1-3    Filed 05/27/26    Page 80 of 146

Discussion Draft 7/6/2024

year will trigger a discussion with the Chair of the Board of Trustees.  In the year following such a discussion, the Trustee, except for *ex officio* Trustees established by the University's Charter, will be asked to resign at the time it becomes clear that they will not hit the 75% threshold for the second consecutive year.  In the event of a dispute, the matter will be referred to the Governance Committee.

Section 2.05    **Trustee Sanction or Removal**~~Section 2.03    Removal~~.  Any member of the Board of Trustees ~~other an *ex officio* member may be~~. may be counseled, admonished, sanctioned, or removed from ~~his or her~~their position as a Trustee in accordance with this section. This provision does not apply to the *ex officio* Trustees appointed under Section ~~2.03~~2.01 (a) (i) and (ii).

**(a)**    Any Trustee who believes that another Trustee has (i) breached ~~his or her~~their fiduciary ~~duty~~duties to the University, (ii) failed to adhere to the Code of Conduct; (iii) committed a serious violation of any policy of the University; (iv) been convicted of any felony; or (v) engaged in other conduct that materially impairs the Trustee's ability to fulfill their assigned duties or reflects adversely and materially on the Trustee's fitness to serve on the Board, shall raise the ~~issue~~concern(s) with the Chair of the Board ~~of Trustees or the chairperson of the committee on governance and long-range planning~~or the Chair of the Governance Committee who shall share the allegation(s) with the Chair of the Board.

The Chair of the Board, in consultation with the Board's Vice Chair and Chair of the Governance Committee, will determine if the matter should be referred for inquiry and investigation by the Governance Committee. If the matter is referred to the Governance Committee, the Chair and Vice Chair of the Board shall communicate to the offending Trustee the nature of the perceived offense(s) and inform the Trustee of the opportunity to provide a written response to the Governance Committee.  After investigation, that Committee makes a recommendation to the Chair and Vice Chair of the Board regarding whether the alleged violation(s) should result in (1) no action, (2) admonishment, (3) sanction or (4) removal.

*[Different first page setting changed from off in original to on in modified.].*

Privileged and Confidential

In deciding whether to recommend (1) no action, (2) admonishment, (3) sanction or (4) removal, the Governance Committee shall take into account the written response of the Trustee charged with the violation(s), and shall also consider whether the violation is a first-time or repeated offense, the public or private nature of the offense and the severity of the injury or potential injury to the Board or the University arising from the violation.

The Governance Committee's factfinding, consideration of and initial deliberation regarding sanction and removal options will occur in an Executive Session of the Committee pursuant to the Pennsylvania Sunshine Law Section 708(1), (4) and/or (5). The Committee's vote to recommend the appropriate action to the Chair of the Board will be taken at a public meeting of the Committee. A simple majority vote will determine the Committee's recommendation. The Governance Committee shall recommend removal in the case of any Trustee facing a second sanction within an annual Board cycle.

(b)     Upon receipt of the Governance Committee's recommendation, the Chair, in consultation with the Board's Vice Chair, shall take the following actions:

(i)     If the Governance Committee recommends no action, the options are notice to the Trustee of the decision to take no action or notice to the Trustee of the decision to take no action but provide guidance to the Trustee, training, and/or a reminder about the Code of Conduct.

(ii)     If the Governance Committee recommends admonishment, the Chair will issue a formal letter of admonishment to the Trustee, with notice to the Board's Executive Committee.

(iii)     If the Governance Committee recommends sanction, the result is removal for the balance of the Trustee's tenure on the Board or another period of time determined by the Chair from any or all Committees or other Board Entities as defined

in Section 3.01, or other Board assignments as determined by the Chair, as well as removal from Board and University social and athletic events and other perquisites, with such sanction(s) notification to the Board.

**(iv)** If the Governance Committee recommends removal, the result is a recommendation of removal to be considered by the full Board.

**(c)** ~~(b)~~ Removal of a Trustee shall require a joint proposal to the Board ~~of Trustees~~ by the ~~chairperson~~Chair of the Board ~~of Trustees and the chairperson of the committee on governance and long-range planning~~and the Chair of the Governance Committee that the Board ~~of Trustees~~ take action to remove a Trustee on the basis that the Trustee has (i) breached ~~his or her~~their fiduciary ~~duty~~duties to the University, (ii) failed to adhere to the Code of Conduct; (iii) committed a serious violation of any policy of the University; (iv) been convicted of any felony; or (v) engaged in other conduct that materially impairs the Trustee's ability to fulfill their assigned duties or reflects adversely on the Trustee's fitness to serve on the Board of Trustees. Such joint proposal shall be furnished in writing to each member of the Board of Trustees not less than ~~30~~ten (10) days prior to the meeting of the Board of Trustees at which such matter is to be considered. If the Trustee subject to removal proceedings is a gubernatorial appointee, a letter will be sent to the Governor and Senate leadership documenting the violations as part of the process. The Board's factfinding, consideration of and initial deliberation regarding removal will occur in an Executive Session of the Board. The official action of taking a vote on removal will be taken at a public meeting of the Board. Removal shall require the ~~determination~~affirmative vote of not less than two-thirds of the Trustees present at a duly called meeting ~~that the Trustee has breached his or her fiduciary duty~~.

**(d)** In the event of Trustee removal under this section, interim appointments shall be handled as set forth in Section 2.13.

*[Different first page setting changed from off in original to on in modified.].*
Privileged and Confidential

**(e)**        (e) In the event that the Chair of the Board ~~of Trustees or the chairperson of the committee on governance and long-range planning~~<u>or the Chair of the Governance Committee</u> is the subject of a removal action under this Section ~~2.03~~<u>2.05</u>, the Vice Chair of the Board ~~of Trustees~~ shall be substituted for such affected Trustee for purposes of this Section ~~2.03~~<u>2.05</u>.

**Section 2.06**   ~~Section 2.04~~ **Regular Meetings; Notice**.  Regular meetings of the Board ~~of Trustees~~ shall be held at such time and place <u>and in the manner (*e.g.*, in person or via telephonic or electronic ("virtual") means)</u> as shall be designated by the <u>Chair of the</u> Board ~~of Trustees~~ from time to time. There shall be at least one (1) regular meeting of the Board ~~of Trustees~~ per year. Notice of such regular meetings shall not be required, except as otherwise expressly required herein or by law, and except that whenever the time ~~or~~<u>,</u> place <u>or manner</u> of regular meetings shall be initially fixed and then changed, notice of such action shall be given promptly by telephone, facsimile, electronic mail or otherwise to each Trustee ~~not participating in such action~~.  Any <u>Board</u> business may be transacted at any regular meeting.

**Section 2.07**   ~~Section 2.05~~ **Annual Meeting of the Board**.  One regular meeting of the Board ~~of Trustees~~ shall be designated the annual organization meeting at which the Board ~~of Trustees~~ shall organize itself and elect officers of the University for the ensuing year and may transact any other business.  <u>The annual meeting shall be scheduled to be in person at a University location unless doing so would pose a risk to health and safety.</u>

**Section 2.08**   ~~Section 2.06~~ **Special Meetings; Notice**.  Special meetings of the Board ~~of Trustees~~ may be called at any time by the Chair of the Board or by seven members of the Board ~~of Trustees~~, to be held at such place and day and hour as shall be specified by the person or persons calling the meeting.  Notice of every special meeting of the Board ~~of Trustees~~ shall be given by the Secretary to each Trustee by telephone, facsimile, electronic mail or otherwise at least three (3) days before the meeting unless the meeting is being called in the event of an emergency, in which case as much advance notice shall be given to the Trustees as is practicable under the circumstances.  In addition, public notice of any special meeting shall be given as required by law.  Except as otherwise provided herein or required by law, any business may be transacted at any special meeting regardless of whether the notice calling such meeting contains a reference thereto.

*[Different first page setting changed from off in original to on in modified.].*

Privileged and Confidential    Case 4:26-cv-01442-MWB    Document 1-3    Filed 05/27/26 Discussion Draft 85 of 146 2024    Page 85 of 146

**Section 2.09** ~~Section 2.07~~ **Quorum**. At all meetings of the Board ~~of Trustees~~, the presence of at least a majority of the voting members of the Board ~~of Trustees~~ in office shall be necessary and sufficient to constitute a quorum for the transaction of business. If a quorum is not present at any meeting, the meeting may be adjourned from time to time by a majority of the Trustees present until a quorum as aforesaid shall be present, but notice of the time and place to which such meeting is adjourned shall be given to any Trustees not present either by facsimile or electronic mail or given personally or by telephone at least eight hours prior to the hour of reconvening.

**Section 2.10** ~~Section 2.08~~ **Actions**. Except as expressly provided herein, resolutions of the Board ~~of Trustees~~ shall be adopted, and any action of the Board ~~of Trustees~~ upon any matter shall be valid and effective, with the affirmative vote of a majority of the Trustees present at a meeting duly convened and at which a quorum is present. The Chair, if one has been elected and is present, or if not, the Vice Chair, if present, or if not, a Trustee designated by the Board ~~of Trustees~~, shall preside at each meeting of the Board ~~of Trustees~~. The Secretary, or in ~~his or her~~<u>their</u> absence the Associate Secretary, shall be responsible for ensuring that the minutes of all meetings of the Board of Trustees are recorded in some reasonable manner. In the absence of the Secretary and the Associate Secretary, the presiding officer shall designate any person to take the minutes of the meeting. Unless otherwise modified in these Bylaws, the conduct of business in meetings of the Board ~~of Trustees~~ and any committees thereof shall be ~~in accordance with~~<u>conducted in a manner that is generally informed by</u> the parliamentary procedures prescribed in Robert's "Rules of Order~~"~~<u>."</u>

**Section 2.11** ~~Section 2.09~~ **Meetings Via Electronic Communication.** ~~Subject to the requirements of any applicable open meeting laws, one or more~~ Trustees may participate in any ~~regular or special~~ meeting of the Board ~~of Trustees~~ or of a committee of the Board ~~of Trustees~~ by means of conference telephone, video conference or similar communications equipment <u>or platform</u> by means

of which all persons participating in the meeting can hear each other.  Participation in a meeting in this manner by a Trustee will be considered ~~to be~~ attendance in person for all purposes under these Bylaws.  <u>The Chair of the Board may schedule meetings to be held entirely via such telephonic or electronic means at the Chair's discretion, except that at least one meeting (the Annual meeting where feasible) shall be scheduled to be in person at a University location.</u>

**Section 2.12**  ~~Section 2.10~~  **Resignations**.  Any Trustee may resign by submitting ~~his~~<u>their</u> resignation <u>in writing</u> to the Secretary.  Such resignation shall become effective upon its receipt by the Secretary or as otherwise specified therein.

**Section 2.13**  ~~Section 2.11~~  **Vacancies**.  Vacancies in the membership of the Board ~~of Trustees~~ created by death, resignation, removal or any other reason~~,~~ may be filled by appointment by the Chair of the Board ~~of Trustees~~ <u>at the request of the majority of the Governance Committee</u> for the unexpired term in all cases except memberships reserved for gubernatorial appointment and *ex officio* memberships established ~~by the University's Charter.~~<u>hereunder. Should an Academic or Student Trustee vacancy occur, the Chair of the Board shall consult with the Faculty Senate or Student Government, respectively for their input on an appropriate interim appointment.</u>

**Section 2.14**  ~~Section 2.12~~  **Compensation; Reimbursement of Travel Expenses**. Members of the Board ~~of Trustees~~ serve as volunteers and shall not be compensated for their services. Upon the request of a Trustee, the University shall reimburse the Trustee's reasonable direct travel expenses~~, including transportation expenses,~~ incurred while the Trustee was engaged in the discharge of ~~his or her~~<u>their</u> official duties. Reimbursement of travel expenses shall be determined in accordance with the University's travel reimbursement policies in effect from time to time.

**Section 2.15**  ~~Section 2.13~~  **Certain Meetings**.  The Chair of the Board ~~of Trustees~~ may, at ~~his~~<u>their</u> discretion, request that one or more of the non-voting members of the Board ~~of Trustees~~ be excused from any ~~regular or special~~ meeting of the Board ~~of Trustees~~ or any portion thereof.

*[Different first page setting changed from off in original to on in modified.].*

Privileged and Confidential

## ARTICLE III~~ARTICLE III~~

### COMMITTEES ~~AND SUBCOMMITTEES~~

**Section 3.01** ~~Section 3.01~~ **Committees and ~~Subcommittees~~Other Board Entities**.

Standing or temporary committees ~~or~~, subcommittees, special focus task forces or other deliberative groups ("Committees or other Board Entities") furthering the needs and interests of the Board consisting of at least one (1) Trustee may be ~~appointed~~created by the Board

~~05/07/2021~~                                    ~~- 19 -~~

of Trustees from time to time; provided, however, that a temporary committee may not be created for the purpose of acting on any matter appropriate to be acted on by ~~a~~an existing standing committee or subcommittee thereof. ~~Committees and subcommittees~~ The Chair shall appoint the members of and Chairperson thereof (except the executive committee).  At the discretion of the Chair of the Board, Committee and other Board Entities may include non-voting members that are not Trustees of the University. ~~Each such committee and subcommittee shall have and exercise such authority of the Board of Trustees in the management of~~ Such individuals shall be subject to the same fiduciary duties and responsibilities as Trustees in the context of their service.  Appointees who are not Trustees have no rights to continued service and may be removed by the Chair at any time and for any reason in the Chair's discretion.  Each Committee or other Board Entity shall have such authority in advising on the business and affairs of the University as the Board ~~of Trustees~~ may specify from time to time. All standing committees shall operate pursuant to written guidelines (Committee "Operating Guidelines").  These guidelines must be reviewed by the Governance Committee and, if endorsed by that committee, submitted to Board.  The Board must approve all Operating Guidelines before they become effective.  Committee Operating Guidelines are reviewed by the Governance Committee periodically and updated as needed, subject to Board approval.

**Section 3.02** ~~Section 3.02~~ **Executive Committee**.  The ~~executive committee~~Executive Committee shall have thirteen (13) members, all of whom shall be voting members.  The ~~executive committee shall be composed~~Executive Committee shall consist of the Chair of the Board ~~of Trustees~~ (who shall also ~~be the~~ chair ~~of~~ the ~~executive committee~~Executive Committee), the Vice Chair of the Board ~~of Trustees~~, the Chairs of the standing committees, the Chair of the Board of Directors of Penn State Health (or, if such chair is not a voting member of the Board ~~of Trustees~~, a member of the Board of Directors of Penn State Health who is also a voting member of the Board ~~of Trustees~~), the immediate past Chair of the Board ~~of Trustees~~(if such immediate past Chair of the Board continues

*[Different first page setting changed from off in original to on in modified.].*

Privileged and Confidential    Case 4:26-cv-01442-MWB    Document 1-3    Filed 05/27/26    Discussion Draft 8/11/2024    Page 89 of 146

to be a voting member of the Board) and such number of at-large members, nominated by the ~~committee on governance and long-range planning~~Governance Committee and elected by the Board ~~of Trustees~~, as may be necessary to have an executive committee of thirteen (13) members. In ~~addition, the~~nominating at-large members of the Executive Committee, the Governance Committee shall consider the diversity of the various constituencies represented in Board membership for inclusion in the Committee. The President of the University shall be an *ex officio* ~~non- voting~~non-voting member of the ~~executive committee~~Executive Committee.

(a)    **Purpose of the Executive Committee.** The purpose of the ~~executive committee~~Executive Committee shall be to transact all necessary business as may arise in the intervals between regular meetings of the Board ~~of Trustees~~; it being understood that official action by the ~~executive committee~~Executive Committee would not be expected to be taken except in extraordinary circumstances. Notice of any official action taken by the ~~executive committee~~Executive Committee shall be provided to the Board ~~of Trustees~~ at its next regular meeting.

**(b)** The Executive Committee shall have principal responsibilities *inter alia* on matters pertaining to:

- Operations of the Board, including annual committee plans and agenda coordination;

- Outreach, including community relations, alumni relations, government relations, agricultural extension, and the Penn State brand;

- The Corporation for Penn State and Penn College of Technology; and

- Operational oversight of university activities that transcend individual Standing Committee areas of responsibility or are otherwise trans-university in scope or impact.

**(c)** ~~(b)~~ **Meetings of the Executive Committee.** Meetings of the ~~executive committee~~Executive Committee may be called by the Chair of the Board ~~of Trustees~~ or by any ~~three~~seven (~~3~~7) members of the ~~executive~~ committee. No official action may be taken by the ~~executive committee~~Executive Committee without the affirmative vote of at least seven (7) members of the executive committee.

**(d)** ~~(c)~~ **Place of Meetings of the Executive Committee.** ~~All meetings~~Meetings of the ~~executive~~ committee ~~shall be~~are held virtually, at the executive offices of the University ~~unless~~or as otherwise ordered by the Chair of the ~~executive committee~~Executive Committee.

**(e)** ~~(d)~~ **Notice of Meetings of the Executive Committee.** Notice of the time and place of all meetings of the ~~executive~~ committee shall be given in the same manner as for meetings of the Board ~~of Trustees~~.

05/07/2021      - 22 -

**Section 3.03** ~~Section 3.03~~ **Standing Committees ~~and Subcommittees~~**.  The Board may ~~adopt~~establish standing committees ~~and subcommittees~~ thereof in addition to the ~~executive committee~~Executive Committee in accordance with the terms of these Bylaws.  Standing committees are charged with oversight of the subject matters assigned to them and as more particularly set forth in such committees' respective operating guidelines.  Standing committees shall assume such additional responsibilities as may from time to time be assigned by the Chair of the Board.

~~(a) Function of Standing Committees and Subcommittees.  The purpose of the standing committees and subcommittees is to facilitate consideration of the business and management of the Board of Trustees and of the University, as hereinafter set forth.~~

**(a)** **Referral of Matters to Standing Committees ~~and Subcommittees~~.**  Any ~~matters~~matter appropriate for consideration by a standing committee ~~or a subcommittee~~shall first ~~shall~~ be referred thereto for initial review and consideration by the Board ~~of Trustees~~ or the Chair of the Board ~~of Trustees; except that a two-thirds~~.  A two-thirds (2/3) vote of the Trustees present at a meeting of the Board ~~of Trustees but in no event by an affirmative vote of less than nine (9) Trustees~~ will permit initial consideration of such matters by the full Board ~~of Trustees; provided, however, that any~~ or permit consideration of a matter referred to a committee that has not been brought forward for report or recommendation.

**(b)** Any matter referred to and considered by a standing committee ~~or a subcommittee~~, but upon which the committee ~~or subcommittee~~ makes no recommendation or

*[Different first page setting changed from off in original to on in modified.].*
Privileged and Confidential
Case 4:26-cv-01442-MWB    Document 1-3    Filed 05/27/26    Page 92 of 146
Discussion Draft 5/7/2024

report to the Board of Trustees, may be brought before the Board of Trustees for consideration at the request of any Trustee.

(c)    **Matters Appropriate to More Than One Committee** or Subcommittee.

. Except as otherwise provided in these Bylaws, matters determined to be appropriate for consideration by more than one committee or subcommittee may be referred by the Chair of the Board of Trustees to one committee or subcommittee or more.

(d)    **Final Authority of the Board.**  Unless otherwise specifically delegated and except as otherwise provided herein, in the Standing Orders or in the approved operating guidelines of any standing committee or subcommittee, authority to act on all matters is reserved to the Board of Trustees, and the duty of each standing committee and subcommittee shall be only to consider and to report or make recommendations to the Board of Trustees upon appropriate matters.

(e) Specific Responsibility of Standing Committees.  The several standing committees are charged specifically with the immediate care and supervision of the subject matters respectively indicated by and properly relating to their titles.  Standing committees shall assume such additional responsibilities as may from time to time be assigned by the Chair of the Board of Trustees.

(e)    (f) **Standing Committees Established.** The In addition to the Executive Committee, the following shall be the standing committees of the Board of Trusteesare established:

(1)    **The Committee on Audit & Risk**

(i) Committee on Academic Affairs, Research and Student Life. TheThis committee on academic affairs, research and student life shall consist of not less than five (5) appointivevoting Trustee members, in addition to the ex officio members, and and any other members appointed by the Chair of the Board, and, in accordance with and pursuant to its operating guidelines, shall consider and report or recommendmake recommendations to the Board of Trusteesinter alia on matters pertaining to:

(1) the educational policies and programs of the University, including the long range educational development of the University with respect to instruction and continuing education;

- Financial Reporting and Controls

- Independent Auditors

- Internal Audit

- Enterprise Risk Management (ERM)

- Complaints and Investigations

- Litigation

- Compliance

**(2)** the faculty;**The Governance Committee including its Nominating Subcommittee**

This committee shall consist of not less than five (5) voting Trustee members, in addition to *ex officio* members and any other members appointed by the Chair of the Board, and, in accordance with and pursuant to its operating guidelines, shall consider and report or make recommendations to the Board *inter alia* on matters pertaining to:

- University Charter and Bylaws updates

- Trustee Qualifications and Skillsets; Board Composition

- Nominations, Elections, Appointments

- Long-Range Planning/Strategy

- The Trustee Code of Conduct

- Board Education, Development and Assessment

- Board Retreats

(3)  ~~the University's research enterprise; and~~**The Committee on Finance & Investment including its Facilities  Planning Subcommittee**

~~(4) all phases of student life.~~
~~(ii) Committee on Finance, Business and Capital Planning. The~~This committee ~~on finance, business and capital planning~~ shall consist of not less than five (5) ~~appointive~~voting Trustee members, in addition to ~~the~~ *ex officio* members and <u>any other members appointed by the Chair of the Board and, in accordance with and pursuant to its operating guidelines,</u> shall consider and report or ~~recommend~~<u>make recommendations</u> to the Board ~~of Trustees~~*inter alia* on matters pertaining to:

~~(1)  finance, business, budgets, non-budget expenditures, human resources, investments, trust funds, insurance, real estate contracts, government and private contracts, and grants, fees, room and board charges, and the long-range financial planning and development of the University;~~

- <u>Budgeting</u>

- <u>Capital Expenditures</u>

- <u>Capital Planning</u>

- <u>Debt Structure/Borrowing Authority</u>

- <u>Student Aid</u>

- <u>Tuition, Rates and Fees</u>

- <u>Investment Council</u>

- <u>Real Estate</u>

- <u>Facilities Plan</u>

- <u>New Construction & Renovation</u>

- <u>Physical Plant and Infrastructure</u>

- <u>Naming of University buildings, fields and other facilities</u>

(4)  **The Committee on Research & Technology**

This committee shall consist of not less than five (5) voting Trustee members, in addition to *ex officio* members and any other members appointed by the Chair of the Board and, in accordance with and pursuant to its operating guidelines, shall consider and report or make recommendations to the Board *inter alia* on matters pertaining to:

- Information Technology

- Intellectual property

- Artificial Intelligence

- Emerging Technologies

- Innovation

- Strategic Technology Partnerships

- Research Funding

- Research Commercialization

- Technology in the Classroom

- Technology Governance

**(5)** ~~(2) endowments, gifts, and fund raising;~~**The Committee on Student Success**

This committee shall consist of not less than five (5) voting Trustee members, in addition to *ex officio* members and any other members appointed by the Chair of the Board and, in accordance with and pursuant to its operating guidelines, shall consider and report or make recommendations to the Board *inter alia* on matters pertaining to:

- Student Engagement

- Graduation Rates and Progress

- Commonwealth Campus Strategy

- World Campus

[Different first page setting changed from off in original to on in modified.].

Privileged and Confidential   Case 4:26-cv-01442-MWB   Document 1-3   Filed 05/27/26   Discussion Draft 96 of 146 2024

- Med School/Law School/Graduate Programs

- Program Rankings

- Establishment of Schools and Colleges

- College, School, Department Naming

- Mergers of Departments

- Student Health & Wellness

- Enrollment Management

- Educational Equity

- Greek Life

(3) the purchase and sale of real estate, master plans, construction, the award of contracts, and the honorific naming of buildings and roads; and

(4) the University's capital plan, the long-range comprehensive physical plant and infrastructure development of the University at each campus, consistent with the long-range educational development of the University.

Privileged and Confidential    Discussion Draft July 16, 2024

**(iii)** Committee on Governance and Long-Range Planning.  The committee on governance and long-range planning shall consist of not less than five (5) appointive members, in addition to the *ex officio* members and shall consider and report or recommend to the Board of Trustees on matters pertaining to:

**(1)** in fulfillment of its governance responsibilities, providing counsel and advice to the Board of Trustees in matters concerning the development of strategies, policies, and practices that orient, educate, organize, motivate, and assess the performance of trustees.

**(2)** The committee's responsibilities shall also include, but not be limited to:

**a.** reviewing and recommending to the Board any changes to the expectations of membership and code of conduct for all trustees, including trustees emeriti;

**b.** recommending to the Board of Trustees candidates for election to membership on the executive committee;

**c.** recommending to the Board of Trustees proposed Student and Academic Trustees;

**d.** reviewing the service of a Trustee upon retirement and recommending candidates for emeritus status;

**e.** evaluating and making recommendations on committee and subcommittee operating guidelines

*[Different first page setting changed from off in original to on in modified.].*

and with respect to the working effectiveness of the Board of Trustees and its committees and subcommittees; and

> **f.** evaluating, recommending and reporting on the qualifications and skill sets to be considered in the process of nominating board of trustee candidates.

**(3)** in fulfillment of its long-range planning responsibilities:

> **a.** charging and supporting the President in leading a strategic planning process, participating in that process, making recommendations to the Board of Trustees with respect to the Strategic Plan, and monitoring its progress; and

> **b.** providing oversight of the growth, development, and sustainability of the University for future generations in order to achieve its full potential as one of the world's great universities.

**(iv)** Committee on Audit and Risk. The committee on audit and risk shall consist of not less than five (5) appointive members, in addition to the *ex officio* members, and shall oversee the auditing of the University's financial statements and internal controls as set forth more fully in the operating guidelines of the committee. In fulfilling its responsibility, the committee on audit and risk shall consider and report or recommend to the Board of Trustees on matters pertaining to:

(1) regular and special audits; and

(2) the identification and management of risks including financial, material, and reputational.

(v) Committee on Legal and Compliance. The committee on legal and compliance shall consist of not less than five (5) appointive members, in addition to the *ex officio* members, and shall oversee adherence to laws, regulations, and policies that pertain to University operations. In fulfilling its responsibility, the committee on legal and compliance shall consider and report or recommend to the Board of Trustees on matters pertaining to compliance, oversight and legal issues as legally or otherwise prescribed.

(vi) Committee on Outreach, Development and Community Relations. The committee on outreach, development and community relations shall consist of not less than five (5) appointive members, in addition to the *ex officio* members and shall provide advice and support to, and help inform the public of, the University's efforts to build support among its major constituents, from faculty, staff and students to alumni and donors, business and civic leaders and elected officials. In fulfilling its responsibility, the committee on outreach, development and community relations shall consider and report or recommend to the Board of Trustees on matters pertaining to outreach, development and community relations, including, but not limited to:

(1) Short and long-term communications plans and initiatives that support University priorities and protect and advance its reputation;

(2) Key outreach programs, such as extension and "Invent Penn State" that advance community and economic development priorities;

(3) Fundraising priorities and campaigns, including those that promote access and affordability and ensure academic excellence;

(4) Community and governmental relations activities that help ensure budget and policy decisions meet University needs;

(5) Major alumni association activities; and

(6) Opportunities to showcase the accomplishments of faculty, staff, students and others that merit public recognition.

**(6)** Committee on **The Equity and Human Resources**. The **Committee**

(vii) This committee on equity and human resources shall consist of not less than five (5) appointive voting Trustee members, in addition to the *ex officio* members, and any other members appointed by the Chair of the Board and, in accordance with and pursuant to its operating guidelines, shall consider and report or recommend make recommendations to the Board of Trustees *inter alia* on matters pertaining to:

- Selection, evaluation, and compensation of the President

- Executive Compensation

- Total Rewards

- Equity, Diversity & Inclusion/Belonging

- Succession Planning

- Talent Development/Training

(1) Compensation, benefits, performance management, talent management, succession planning and leadership development for the broader University;

(2) Recruitment, enrollment, retention, and graduation of students representing all aspects of diversity;

(3) Enhancement of diversity in the racial, ethnic and gender composition of

*[Different first page setting changed from off in original to on in modified.].*

Privileged and Confidential

faculty and staff at all levels;

(4) Accessibility, accommodation, and support for veterans and individuals with

disabilities; and

(5) Engagement by the University of qualified diversity business enterprises, including minority- and women-owned businesses, as suppliers of goods and services.

**(f)** (g) **Selection of** Committee **Members of Committees and other Board Entities.**  Members of the standing committees and subcommittees, and the chairperson and vice chairpersonCommittees and other Board Entities, and the Chair and Vice Chair thereof, shall be appointed by the Chair of the Board of Trustees.  The Chair and, in his or hertheir absence, the Vice Chair of the Board of Trustees shall be an *ex officio* member of all standing committees, of all special committees and of all subcommitteesCommittees and other Board Entities.  No Trustee shall serve as chairpersonChair of any standing committeeCommittee for more than five (5) consecutive years, except as specifically approved by a two-thirdsmajority vote of the Board of Trustees.

**(g)** (h) **Term of Committee Members.**  Committee members shall serve until their successors are appointed in accordance with this Bylawat the discretion of the Chair of the Board.

(i) Vacancies on Standing Committees. Vacancies on all standing committees shall be filled through appointment by the Chair of the Board to serve the unexpired term created by the vacancy.

**(h)** (j) **Consultation with Constituent Groups.**  Standing committees shall seek consultation from representativeare expected to seek input from constituent groups as appropriate in the exercise of their responsibilities.

(k) The following shall be the subcommittees of the Board of Trustees:
(i) The subcommittee on finance (of the committee on finance, business and capital planning) shall be composed of up to three members of the committee on finance, business and capital planning.  This subcommittee shall be responsible for reviewing on a regular basis certain of the University's material financial

Privileged and Confidential

matters, including the operating and capital budgets, balance sheet management and debt strategy, non-endowed investments, review and endorsement of endowment spending rates, and informing the committee on finance, business and capital planning regarding relevant financial oversight matters.

**(ii)** The subcommittee on compensation (of the committee on equity and human resources) shall consist of up to five members, all of whom need not be members of the committee on equity and human resources, in addition to the *ex officio* members. This subcommittee shall assist the Board with executive compensation philosophy and strategy pertaining to the University's senior leadership positions; the annual review and approval of the President's personal goals and objectives, performance and annual compensation, including salary and incentive compensation, if applicable; and will make decisions and recommendations for and on behalf of the Board of Trustees, when appropriate, relating to the effectiveness of executive compensation, benefits, performance management, and leadership development.

**(iii)** The subcommittee on legal (of the committee on legal and compliance) shall be composed of up to five members of the committee on legal and compliance. This subcommittee shall be responsible for reviewing matters pertaining to compliance, oversight and legal issues as legally or otherwise prescribed, including but not limited to litigation strategies and other matters.

**(iv)** The subcommittee on risk (of the committee on audit and risk) shall be composed of up to five members, at least two of whom shall be members of the committee on audit and risk. This subcommittee shall be responsible for reviewing

matters pertaining to the identification and management of risks, including financial, operational, strategic and compliance risks.

**(v)** The subcommittee on long-range planning (of the committee on governance and long-range planning) shall be composed of up to five members, at least two of whom shall be members of the committee on governance and long-range planning. This subcommittee shall be responsible for reviewing matters related to the University's long-range planning activities, including supporting the strategic planning process, participating in that process, and monitoring its progress.

**(l)** Operating Guidelines. All standing committees and subcommittees shall operate pursuant to written operating guidelines which shall be submitted to and approved by the Board upon the recommendation of the committee on governance and long-range planning.

**Section 3.04** ~~Section 3.04~~ **Quorum and Actions**. At ~~all meetings~~<u>any meeting</u> of a committee, the presence of ~~at least~~ a majority of the <u>voting Trustee</u> members of such committee (including any *ex officio* members of such committee) shall be necessary and sufficient to constitute a quorum for ~~the transaction of business~~ <u>taking official action</u>. Except as set forth in Section 3.02(~~b~~<u>c</u>), resolutions of a committee shall be adopted, and any action of the committee upon any matter shall be valid and effective, with the affirmative vote of a majority of the <u>voting Trustee</u> members of the committee present at a meeting duly convened and at which a quorum is present.

**Section 3.05** ~~Section 3.05~~ **Authority of Board**. Any action taken by any committee or subcommittee shall be subject to alteration or revocation by the Board ~~of Trustees~~; provided, however, that third parties shall not be prejudiced by such alteration or revocation.

05/07/2021                                                    -36-

Section 3.06 ~~Section 3.06~~ **Special Assignments**.  The Chair of the Board ~~of Trustees~~ may make special assignments to the Trustees from time to time in furtherance of the Board's duties and obligations.  Such assignments shall include~~, but not be limited to, the following:~~ <u>without limitation representation of the Board at University Commencements, as liaison to capital and other fundraising campaigns, and in other capacities where Trustee participation would be beneficial.</u>

~~**(a)** Trustee Representative at All Commencements.  The Board of Trustees shall be represented at all Commencements by the Chair of the Board of Trustees or by Trustees designated by the Chair of the Board of Trustees.~~

~~**(b)** Trustee Liaison to Capital Campaigns.  The Chair of the Board of Trustees is directed to appoint a liaison Trustee to interact with developmental activities for capital campaigns and to apprise the Board of Trustees of the activities and the progress of campaigns.~~

<u>ARTICLE IV</u>~~ARTICLE IV~~

**LIABILITY AND INDEMNIFICATION**

Section 4.01 ~~Section 4.01~~  **Personal Liability of Trustees**.

**(a)** **Elimination of Liability.**  To the fullest extent that the laws of the Commonwealth of Pennsylvania, as now in effect or as hereafter amended, permit elimination or limitation of the liability of Trustees for monetary damages, no Trustee of the University shall be personally liable for monetary damages as such for any action taken, or any failure to take any action, as a Trustee.

~~**(b)**~~ **Nature and Extent of Rights.**  The provisions of this Section shall be deemed to be a contract with each Trustee of the University who serves as such at any time while this Section is in effect and each such Trustee shall be deemed to be so serving in reliance on the provisions of this Section.  Any amendment or repeal of this Section or adoption of any Bylaw or provision of the ~~Articles~~<u>Charter</u> of the University which has the effect of increasing Trustee liability for

monetary damages shall operate prospectively only and shall not affect any action taken, or any failure to act, prior to the adoption of such amendment, repeal, Bylaw or provision.

**Section 4.02** ~~**Section 4.02**~~     **Indemnification**.

**(a)     Right to Indemnification.**

**(i)** As used herein, the word "Action" shall mean any action, suit or proceeding, administrative, investigative or other, (A) in which such person is named as a defendant (other than in an action, suit or proceeding <u>commenced</u> by the University) or (B) in connection with which such person is not named as a defendant but is a witness, subject to investigation or otherwise involved, in either case by reason of such person being or having been a Trustee or officer of the University or by reason of such person serving or having served at the request of the University as a director, officer, employee, fiduciary or other representative of another corporation, partnership, joint venture, trust, employee benefit plan or other entity.

**(ii)** Except as prohibited by law, each Trustee and officer of the University shall be entitled as of right to be indemnified by the University against expenses and any liability paid or incurred by such person in connection with any Action.

**(iii)** Except as provided in Section 4.02(c) below, the University shall not indemnify any Trustee or officer, or pay, advance or reimburse any Trustee or officer, for any legal fees and expenses incurred in connection with any action, suit or proceeding, administrative, investigative or other, which such Trustee or officer brings, directly or indirectly, against the University, the Board ~~of Trustees~~ or any

officer, Trustee, employee, agent or representative of the University or the Board ~~of Trustees~~.

**(iv)**    A person who is not a Trustee or officer of the University may be similarly indemnified in respect of service to the University to the extent the Board ~~of Trustees~~ at any time designates such person as <u>being</u> entitled to the benefits of this Section.  The Board ~~of Trustees~~ has delegated to the Vice President<u>(s)</u> and General Counsel the authority to make the determination, after consideration of relevant facts and circumstances, as to whether a person who is not a Trustee or officer of the University shall be indemnified in respect of ~~his or her~~<u>their</u> service to the University pursuant to this paragraph.

**(v)**    As used in this Section, "indemnitee" shall include each Trustee and each officer of the University and each other person designated by the Board ~~of Trustees~~ as entitled to the benefits of this Section; "liability" shall include amounts of judgments, excise taxes, fines, penalties and amounts paid in settlement; and "expenses" shall include fees and expenses of counsel incurred by the indemnitee only <u>if</u> (A) ~~if~~ the University has not at its expense assumed the defense of the Action on behalf of the indemnitee with reputable and experienced counsel selected by the University, or (B) ~~if~~ it shall have been determined pursuant to Section <u>4.02</u>(c) hereof that the indemnitee was entitled to indemnification for expenses in respect of an Action brought under that Section<u>.</u>

~~(b)~~    **Right to Advancement of Expenses.**  Every indemnitee shall be entitled as of right to have ~~his~~<u>their</u> expenses in defending any Action paid in advance by the University, as incurred; provided, however, that the University receives a written undertaking by or on behalf of

the indemnitee to repay the amount advanced if it should ultimately be determined that such person's conduct was such that the University is prohibited by law from indemnifying such person.

**(c)     Right of Indemnitee to Initiate Action; Defenses.**

**(i)**     If a written claim for indemnification or advancement of expenses under paragraph (a) or paragraph (b) of this Section is not paid in full by the University within thirty days after such claim has been received by the University, the indemnitee may at any time thereafter commence a lawsuit to recover the unpaid amount of the claim and, if successful in whole or in part, the indemnitee shall also be entitled to be paid the reasonable expenses of prosecuting such suit.

**(ii)**     The only defenses to a lawsuit to recover a claim for indemnification otherwise properly asserted under paragraph (a) shall be that the ~~indemnitee's~~indemnitee's conduct was such that under applicable law the University is prohibited from indemnifying the indemnitee for the amount claimed, but the burden of proving any such defense shall be on the University.

**(iii)**     The only defense to a lawsuit to recover a claim for advancement of expenses otherwise properly asserted under paragraph (b) shall be that the indemnitee failed to provide the undertaking required by paragraph (b), but the burden of proving any such defense shall be on the University.

**(d)     Non-Exclusivity; Nature and Extent of Rights; Insurance.**  The rights to indemnification and advancement of expenses provided for in this Section shall (i) not be deemed exclusive of any other rights to which any indemnitee may be entitled, (ii) be deemed to create contractual rights in favor of each indemnitee who serves the University at any time while this Section is in effect (and each such indemnitee shall be deemed to be so serving in reliance on the

*[Different first page setting changed from off in original to on in modified.].*

Privileged and Confidential

provisions of this Section), and (iii) continue as to each indemnitee who has ceased to have the status pursuant to which he was entitled or was designated as entitled to indemnification under this Section and shall inure to the benefit of the heirs and legal representatives of each indemnitee.  The University may provide, at its cost, insurance, or may self-insure, to protect itself and any Trustee, officer, agent or employee eligible to be indemnified hereunder against any liability or expense whether or not the University would have the power to indemnify such ~~trustee~~Trustee, officer, agent or employee.

## ARTICLE V~~ARTICLE V~~

## OFFICERS AND EMPLOYEES

Section 5.01   ~~Section 5.01~~   **Officers**.

(a)   **Officers.**  The officers of the Board ~~of Trustees~~ shall be a ~~President (also referred to as~~ chair (the "Chair"), and a ~~Vice President (also referred to as~~ vice chair (the "Vice Chair"), each of whom shall be a member of the Board ~~of Trustees~~, and a Secretary, who may or may not be a member of the Board.

(b)   **Election and Term of Officers.**  All officers of the Board ~~of Trustees~~ shall be chosen each year by ~~ballot of the voting members~~vote of the Board ~~of Trustees~~ present at the stated meeting of the Board ~~of Trustees~~ in November to serve for a period of one year and until their successors are chosen according to these Bylaws.

~~(c)~~   **Duties of Officers.**  The Chair ~~of the Board of Trustees~~ shall perform the corporate duties which pertain to that office.  The Chair shall appoint all committees and subcommittees of the Board ~~of Trustees~~ and the chairperson thereof (except the ~~executive committee) unless otherwise ordered by the Board of Trustees.~~Executive Committee).  The Vice Chair shall, in the absence of the Chair, perform the duties of the Chair.  The Secretary shall perform the corporate duties which pertain to that office, be custodian of the corporate seal,

*[Different first page setting changed from off in original to on in modified.].*

Privileged and Confidential    Discussion Draft 11.0v6.24.2024

conduct the ordinary

05/07/2021

correspondence of the Board ~~of Trustees~~ and maintain an accurate record of all proceedings of the Board ~~of Trustees and of the executive committee~~<u>and its committees</u>.

**(d)** **Vacancies in Office.** Vacancies in any office or offices may be filled by ~~ballot of~~ the voting members present at any meeting of the Board ~~of Trustees~~.

**(e)** **Officers of the University.** The executive officers of the University shall be the President, one or more Vice Presidents as the ~~Board of Trustees~~<u>President</u> may from time to time determine, an associate secretary, three assistant secretaries, a Treasurer, and three assistant treasurers, all of ~~whom shall be elected by the Board of Trustees~~<u>whose appointments are approved by the Board. Executive officers may appoint and delegate responsibilities to assistants as they deem appropriate, but shall at all times remain specifically accountable to the President and the Board for the diligent performance of and oversight of their responsibilities as Officers of the University</u>. Except for the office of the President and Secretary, any two or more offices may be held by the same person. ~~Each~~ <u>The President shall hold office at the pleasure of the Board, or until their death or resignation. Each other</u> executive officer shall hold office at the pleasure of the ~~Board of Trustees, or until his or her death or resignation~~<u>President, except that the removal of the Vice President and General Counsel shall be undertaken in consultation with the Chair of the Board</u>.

**(f)** The associate secretary <u>and assistant secretaries</u> shall assist the <u>Secretary and/or associate</u> secretary in the performance of ~~his/her~~<u>their</u> duties and ~~shall~~<u>may</u> act for and on behalf of the University in the same manner and with the same authority as the ~~secretary. The assistant secretaries shall assist the associate secretary and shall act for and on behalf of the University in the same manner and with the same authority as the~~<u>Secretary and/or associate</u> secretary. The Treasurer shall receive and disburse all monies of the corporation ~~under procedures and safeguards prescribed~~<u>as authorized</u> by the Board ~~of Trustees~~. The assistant treasurers shall assist the ~~treasurer~~<u>Treasurer</u> in

the performance of these duties and shall act for and on behalf of the University in the same manner and with the same authority as the treasurer.

**Section 5.02** ~~Section 5.02~~ **Additional Officers; Other Agents and Employees**~~. The~~. Upon recommendation of the President, the Board of Trustees may from time to time appoint ~~or employ such~~ additional officers~~,~~ and assistant officers~~, agents, employees and independent contractors as the Board of Trustees~~ as it deems advisable~~; the Board of Trustees shall prescribe their duties, conditions of employment and compensation; and~~

the Board of Trustees shall have the right to dismiss them at any time, without prejudice to their contract rights, if any.  The President of the University may employ from time to time such other administrative leaders, agents, employees and independent contractors as hethe President may deem advisable for the prompt and orderly transaction of the business of the University, and he may prescribe their duties and the conditions of their employment, fix their compensation and dismiss them at any time, without prejudice to their contract rights, if any.

**Section 5.03**   Section 5.03   **The Chair**.  The Chair of the Board of Trustees, if any, shall be elected from among the voting members of the Board of Trustees, shall preside at all meetings of the Board of Trustees as provided herein, and shall have such otherfurther powers and duties as are set forth in these Bylaws and as from time to time may be prescribed by the Board of Trustees.  The Chair shall be an *ex officio* member of all standing committees and subcommittees, entitled to vote thereon.  In the absence or disability of the Chair, the Vice Chair shall have the powers and perform the duties of the Chair.

**Section 5.04**   **The President**Section 5.04   The President.  The President of the University shall be the chief executive officer of the University.  Subject to the control of the Board of Trustees, the President shall have general supervision of and general management and executive powersauthority over all the propertyproperties, operations, business, affairs and employees of the University, and shall see that the policies and programs adopted or approved by the Board of Trustees are carried out.  The President shall exercise such further powers and duties as are set forth in these Bylaws and as may from time to time may be prescribed in these Bylaws orbe adjusted by the Board of Trustees.  The President of the University, as chief administrative officer, shall carry out all orders and directives of the Board of Trustees and shall administer all policies of the Board of Trustees, as well as the policies established by him or her and by the faculty.  The President may delegate such

*[Different first page setting changed from off in original to on in modified.].*

administrative authority as he or she deems appropriate to his or her staff, to the Treasurer, to the

deans of the various academic units, and to others, who

University policies.

~~shall exercise such delegated authority in the name of the President.~~ The establishment of senior administrative positions responsible directly to the President and the determination of the functions of such positions shall be made by the President ~~of the University~~, who may delegate authority to others. All administrative officers with the title of ~~vice president or dean~~ Vice President or Dean shall be appointed by the President, ~~subject to the approval of~~ with notification to the Board of Trustees. Removal of such administrative officers ~~with the title of vice president or dean~~ shall be made by the President and, in such event, the President shall inform the Board of Trustees of such removal at the next regular meeting of the Board. The President, as chief policy officer, shall have final authority, subject to the revisions and orders of the Board of Trustees, to establish policy concerning educational policy and planning, student affairs, the instructional program, courses and curricula, personnel, admissions, graduation requirements, scholarships and honors, calendar requirements, business, planning, research, and finance; provided, however, that the President shall delegate to the faculty, as appropriately organized, subject to the orders of the President, the authority to establish policy concerning the approval and supervision of the instructional program, including courses and curricula, academic admission standards, graduation requirements, and scholarships and honors. ~~The~~ As set forth in Sections 5.09 (e) and (f) herein, the President shall consult with the faculty, as appropriately organized, in the establishment of policy concerning educational policy and planning, including general admissions policy, calendar, academic personnel, student affairs, and any other matter he or she shall deem appropriate. In addition, the President shall consult with the student body, as appropriately organized, in the area of student affairs.

**Section 5.05** ~~Section 5.05~~ **The Vice President(s)**. The University may have one or more Vice ~~Presidents. The Vice~~ President(s) ~~may be~~ appointed as Officers and given executive powers in designated areas by resolution of the Board ~~of Trustees general executive powers~~, subject to the

*[Different first page setting changed from off in original to on in modified.].*

control of the President~~, concerning one or more or all segments of the operations of the University.~~

~~The~~. Such Vice President(s) shall exercise such further

*[Different first page setting changed from off in original to on in modified.].*

Privileged and Confidential    Case 4:26-cv-01442-MWB    Document 1-3    Filed 05/27/26    Submission Draft 1.17 of 1.40    Page 117 of 146

powers and duties as are set forth in these Bylaws and as may from time to time ~~may be prescribed in these Bylaws or~~be adjusted by the Board ~~of Trustees~~ or the President, including employing those persons needed to assist such Vice President in carrying out their responsibilities. At the request of the President, or in ~~his or her~~their absence or disability, the Executive Vice President and Provost shall exercise the powers and duties of the President.

**Section 5.06**    ~~Section 5.06~~    **The Secretary~~,~~ and Associate Secretary and Assistant Secretaries**.  It shall be the duty of the Secretary (a) to keep an original or duplicate record of the proceedings of the Board ~~of Trustees~~, and a copy of the Charter and of the Bylaws; (b) to give such notices as may be required by law or these Bylaws; (c) to be custodian of the corporate records and of the seal of the University and see that the seal is affixed to such documents as may be necessary or advisable; and (d) to exercise all powers and duties incident to the office of Secretary; and such further powers and duties as are set forth in these Bylaws and as may from time to time ~~may be prescribed in these Bylaws or~~be adjusted by the Board ~~of Trustees~~ or the President.  The Associate Secretary and the ~~assistant secretaries~~Assistant Secretaries shall assist the Secretary in the performance of ~~his~~their duties and shall also exercise such further powers and duties as are set forth in these Bylaws and as may from time to time ~~may be prescribed~~be adjusted by the Board ~~of Trustees~~, the President or the Secretary.  At the direction of the Secretary or in ~~his or her~~their absence or disability, the Associate Secretary shall exercise the powers and duties of the Secretary.

**Section 5.07**    ~~Section 5.07~~    **The Treasurer and Assistant Treasurers**.  It shall be the duty of the Treasurer (a) to keep the ~~University's~~University's contracts, insurance policies, leases, deeds and other business records; (b) to see that the ~~University's~~University's lists, books, reports, statements, tax returns, certificates and other documents and records required by law are properly prepared, kept and filed; (c) to be the principal officer in charge of tax and financial matters, budgeting and accounting of the University; (d) to have charge and custody of and be responsible for

Privileged and Confidential

the ~~University's~~<u>University's</u> funds, securities and investments; (e) to receive and give receipts for checks, notes, obligations, funds and securities of the University, and deposit monies and other valuable effects in the name and to

*[Different first page setting changed from off in original to on in modified.].*

Privileged and Confidential    Case 4:26-cv-01442-MWB    Document 1-3    Filed 05/27/26    Transmission Draft 119 of 146    Page 119 of 146

the credit of the University, in such depositories as shall be designated by the Board ~~of Trustees~~;

(f) to cause the funds of the University to be disbursed by payment in cash or by checks or drafts upon the authorized depositories of the University, and to cause to be taken and preserved proper vouchers for such disbursements; (g) to render to the President and the Board ~~of Trustees~~ whenever they may require it an account of all ~~his~~ transactions as Treasurer, and reports as to the financial position and operations of the University; (h) to keep appropriate, complete and accurate books and records of account of all the ~~University's~~University's business and transactions; and (i) to exercise all powers and duties incident to the office of Treasurer; and such further duties <u>as are set forth in these Bylaws and as</u> from time to time as may be prescribed in these Bylaws or by the Board ~~of Trustees~~ or the President.  The assistant treasurers shall assist the Treasurer in the performance of ~~his or her~~<u>their</u> duties and shall also exercise such further powers and duties <u>as are set forth in these Bylaws and</u> as from time to time may be prescribed by the Board of Trustees, the President or the Treasurer.  At the direction of the Treasurer or in ~~his~~<u>their</u> absence or disability, an assistant treasurer shall exercise the powers and duties of the Treasurer.

**Section 5.08**    ~~Section 5.08~~  **Vacancies**.  Any vacancy in any office or position by reason of death, resignation, removal, disqualification, disability or other cause shall be filled in the manner provided in this Article V <u>and the Appendix to these Bylaws on Nomination, Election and Appointment of Trustees, as applicable,</u> for regular election or appointment to such office.

**Section 5.09**    ~~Section 5.09~~     **Delegation of Duties**.  The Board ~~of Trustees~~ may in its discretion delegate for the time being the powers and duties, or any of them, of any officer to any other person whom it may select. ~~Upon authorization~~ <u>As authorized</u> by the Board ~~of Trustees~~, an officer may delegate performance of specific duties to employees and agents of the University.

**(a)** Notwithstanding the foregoing, the following matters shall require the approval of the Board ~~of Trustees~~:

    **(i)** Basic University Organization and Policy

[Different first page setting changed from off in original to on in modified.].

Privileged and Confidential    Case 4:26-cv-01442-MWB    Document 1-3    Filed 05/27/26    Discussion Draft 11/21/2024    Page 121 of 146

      **a.**    ~~(1)~~ Amendments to the Charter, Bylaws and ~~Standing Orders~~Board directives;

      **b.**    <u>Significant new University programs, schools or academic initiatives.</u>

~~(2) All reports of standing or special committees of the University's Board of Trustees;~~

~~(3) All major modifications of educational policy;~~

      **c.**    ~~(4)~~ Authorization to grant degrees to graduates; <u>and</u>

      **d.**    ~~(5) The~~<u>Approval of the</u> University's Strategic Plan~~; and~~.

~~(6) University intellectual property policy.~~

**(ii)** Fiscal Matters

      **a.**    ~~(1)~~ Establishment of~~, or changes in existing,~~ major University fiscal policies;

      **b.**    ~~(2)~~ State appropriation requests and annual operating budgets;

      **c.**    ~~(3)~~ Acceptance of gifts, bequests, grants, fellowships, scholarships~~,~~ <u>or</u> loan funds that ~~are not in accord with established~~<u>exceed parameters set forth in applicable University</u> policy;

      **d.**    ~~(4)~~ Establishment of, or changes in, tuition, ~~room~~<u>housing</u> and ~~board~~<u>food</u> rates and mandatory student fees;

      **e.**    ~~(5)~~ Authorization to borrow money; authorization of persons to sign checks, contracts, legal documents~~,~~ and other obligations, and to endorse, sell, or assign securities; and

      **f.**    ~~(6)~~ Selection of a firm to ~~make~~<u>perform the</u> annual audit of University accounts.

**(iii)** Capital Projects

~~05/07/2021~~          ~~- 53 -~~

*[Different first page setting changed from off in original to on in modified.].*

Privileged and Confidential
Case 4:26-cv-01442-MWB    Document 1-3    Filed 05/27/26    Page 122 of 146
Discussion Draft 11/16/2024

      **a.**    **(1)** Establishment of, or <u>material</u> changes in the University's five-year Capital Plan;

**a.**    **(1)** Establishment of, or <u>material</u> changes in the University's five-year Capital Plan;

[Different first page setting changed from off in original to on in modified.].
Case 4:26-cv-01442-MWB   Document 1-3   Filed 05/27/26   Page 123 of 146
Privileged and Confidential   Discussion Draft 12.3.614.2024

b.     (2) Establishment of, or material changes in, existing policies, on matters such as honorific naming of buildings and, roads, fields and preservation of campus landmarks;

c.     (3) Purchase of land and other real estate with a purchase price of $1 million or more;

d.     (4) Sale or donation of land or other real estate, with the exception of the sale of land and other real estate with a sale price of less than $3 million gifted to the University for the express purpose of sale with proceeds benefitting the University;

(5) Honorific names for individual buildings and roads;
e.     Honorific and other naming decisions for individual buildings, roads and fields or as set forth in University policy, AD 05 Naming University Facilities and Academic Units;

f.     (6) Any new construction or renovation project for which the total project cost is $10 million or more, including:

1.     (A) Total project cost; provided however, that with the Officers ofexpress approval of the Senior Vice President for Finance and Business, the University shall have the discretion to expend up to an additional 10 percent of the approved total project cost, as necessary; and

2.     (B) Awarding of contracts for construction;

g.     (7) Projects under $10 million in cost that are bond-financed;.

(8) Other capital expenditures of $10 million or more.

(iv)   Personnel Matters.

(1) The selection, evaluation, compensation and removal of the President of the University, in accordance with policies and procedures adopted by the Board of Trustees from time to time.  This responsibility

[Different first page setting changed from off in original to on in modified.].

Privileged and Confidential

Discussion Draft 11.24.2024

includes a commitment to grant the President broad delegated authority, to support the President in ~~his/her~~their  the exercise of such authority, to judge the performance of the President, and if necessary, to remove the President.  In the selection of a President, the Board shall consult with representatives of the faculty and the student body.

**a.** ~~(2)~~ The establishment of and any changes to the University's executive compensation philosophy.

**b.** ~~(3)~~ The establishment of and any changes to the employment terms and conditions of the President of the University.

**c.** ~~(4)~~ The ~~appointment and removal of the Vice President and General Counsel and the~~ process by which Vice Presidents ~~(other than the Vice President and General Counsel)~~ and Deans are appointed, and any material amendments or modifications to such process.

**(v)** Subsidiaries

**a.** ~~(1)~~ Appointment of ~~the Board of Directors~~directors of each direct subsidiary of the University as provided in such subsidiary's articles of incorporation;

**b.** ~~(2)~~ Amendments to the articles of incorporation of each direct subsidiary of the University; and

**c.** ~~(3)~~ Exercise of rights reserved to the University in the articles of incorporation, bylaws or other governing documents of any direct or indirect subsidiary of the University.

**(vi)**    Miscellaneous

05/07/2021

**(vi)**    Miscellaneous

      **a.**    ~~(1)~~ Selection of the recipients of Distinguished Alumni Awards, honorary degrees and the Penn State Medal; and

      **b.**    ~~(2)~~ Selection of specific dates for regular meetings of the Board ~~of Trustees~~.

**(b)** The delegation of authority set forth in this Section 5.09 requires that the Board ~~of Trustees~~ rely on the judgment and decisions of those who operate under its authority. However, this reliance of the Board ~~of Trustees~~ must be based upon its continuing awareness of the operations of the University. Therefore, the Board ~~of Trustees~~ shall receive and consider thorough and forthright reports on the affairs of the University by the President or those designated by the President. The Board ~~of Trustees~~ has a continuing obligation to require information or answers on any University matter with which it is concerned. In addition to such matters as the President of the University may determine, or as requested by the Chair of the Board ~~of Trustees~~, the following matters shall be presented to the Board ~~of Trustees~~<u>or an appropriate standing committee</u> for information:

    **(i)** Basic University Organization and Policy

      **a.**    ~~(1)~~ New curricula and major changes in existing curricula;

         ~~(2)~~ Major policy matters affecting student welfare and activities; and

      **b.**    ~~(3)~~ Major policy matters affecting research<u>, including intellectual property policy</u>.

    **(ii)** Fiscal Matters

      **a.**    ~~(1)~~ Financial statements, and gifts, bequests, grants, fellowship, scholarships, loan funds that are in accord with established policy; and

*[Different first page setting changed from off in original to on in modified.].*

Privileged and Confidential

    **b.**  (2) The University's annual reports filed under the Clery Act and the Pennsylvania Right to Know Act.

(iii) Personnel Matters

    **a.** ~~(1)~~ Policies. New ~~policies or changes in existing policies governing appointments, promotions in academic rank, leaves of absence, resignations, retirements, academic freedom and tenure, hours and conditions of employment, and fringe benefits; and~~ or significant changes to existing employment policies ; and

    **b.** ~~(2)~~ Executive Compensation. ~~Information~~ – information regarding:

        1. ~~(A)~~ the evaluation and compensation of University executives (other than the President of the University), in accordance with policies and procedures recommended by the ~~subcommittee on compensation~~ Human Resources Committee from time to time.

        2. ~~(B)~~ the establishment of ~~and any~~ or changes to executive compensation and benefit programs and policies.

**(2)** ~~(3)~~ Information regarding the appointment and removal of Vice Presidents and Deans.

(iv) Capital Projects

    **a.** ~~(1)~~ New construction or renovations projects with a total project cost equal to or greater than $5 million but less than $10 million;

    **b.** ~~(2)~~ Generic naming of individual buildings and roads and honorific naming of University facilities other than individual buildings ~~and~~, roads and fields;

    **c.** ~~(3)~~ Purchase of real estate with a purchase price of less than $1 million;

*[Different first page setting changed from off in original to on in modified.].*
Privileged and Confidential
Case 4:26-cv-01442-MWB    Document 1-3    Filed 05/27/26    Discussion Draft 129 of 146
05/19/2021    Page 129 of 146

> **d.**    ~~(4)~~ Reports on the sale of land and other real estate with a sale price of less than $3 million gifted to the University for the express purpose of sale;
>
> ~~(5) Capital budget request submitted to the Commonwealth of Pennsylvania;~~
>
> **e.**    ~~(6) An annual capital plan informational update~~<u>Informational updates on the Capital Plan</u>; and
>
> **f.**    ~~(7)~~ Reports on the progress of new construction or renovation projects with a total project cost of $10 million or more.

**(c)**    Board of Trustees Delegation of Authority to Certain University Administrative Officers.

**(i)**    The President, ~~Vice President, Secretary, Treasurer, Assistant Treasurer,~~ Senior Vice President for Finance and Business, and ~~Corporate Controller~~<u>other duly appointed Officers</u> of the University~~, or any one of such officers be and they~~ are hereby fully authorized and empowered ~~on behalf of the University~~ to execute and acknowledge all deeds, agreements and contracts, and to transfer and endorse, sell, assign, set over and deliver any and all shares of stock, bonds, debentures, notes, evidences of indebtedness or other securities now or hereafter standing in the name of or owned by this University, and to make, execute, acknowledge, and deliver, under the corporate seal of this University, any and all written instruments necessary or proper to effectuate the authority hereby conferred.

**(ii)**    The ~~Treasurer, or in the absence of the Treasurer, the~~ Senior Vice President for Finance and Business~~,~~ may delegate in writing to such employees of the University as they may deem appropriate, the authority to execute and

acknowledge on behalf of the University standardized agreements and contracts for which those employees have administrative responsibility.

**(iii)** The Chief Investment Officer, or in such person's absence, the Managing Director, Operations of the Office of Investment Management, is hereby fully authorized and empowered on behalf of the University to transfer and endorse, sell, assign, set over and deliver any and all shares of stock, bonds, debentures, notes or other securities now or hereafter standing in the name of or owned by the University, and to make, execute, acknowledge, and deliver, under the corporate seal of the University, any and all written instruments necessary or proper to effectuate the authority hereby conferred.

~~**(iv)** The Associate Vice President for Finance and Business and Controller, or, in his or her absence, the Associate Controller, be and is hereby fully authorized and empowered on behalf of the University to execute and acknowledge all agreements and contracts related to the affairs of the College of Medicine.~~

**(iv)** ~~(v)~~ The Associate Secretary and ~~Assistant Secretary~~assistant secretaries of this University, or any one of such officers, be and they are hereby fully authorized and empowered on behalf of this University to make, execute, acknowledge, and deliver, under the corporate seal of this University, any and all written instruments necessary or proper to effectuate the authority hereby conferred.

~~**(d)**~~ Subject to the provisions of Section 5.09(a)(v), the affairs of any direct or indirect subsidiary of the University shall be governed by the ~~Board of Directors~~board of directors of such subsidiary

*[Different first page setting changed from off in original to on in modified.].*

in accordance with the articles of incorporation, bylaws or other governing documents of such subsidiary.

**(e)** Faculty

    i. Responsibilities. The faculty, as appropriately organized, pursuant to delegation from the President, and subject to the revisions and orders of the President, shall establish policy concerning the approval and supervision of the instructional programs including courses and curricula, academic admissions standards, graduation requirements, and scholarships and honors.

    ii. Consultation by the President. The faculty shall be consulted by the President concerning student affairs, educational policy and planning, academic personnel, and any other matter upon the request of the President.

    iii. Communication with the Board. Official faculty communication to the Board of Trustees shall be made through the President and through faculty participation on the standing committees.

    iv. Regular Meetings. In furtherance of the objective of appropriate communication among the faculty, the administration and the Board of Trustees, a meeting will be held at least once per semester, attended by the President, the Provost and the Vice President for Administration, the Chair, Chair-Elect and Secretary of the Faculty Senate and the Chair and Vice Chair of the Board of Trustees. Any of such individuals may initiate agenda items for any such meeting.

**(f)** Student Body

    i. Consultation by the President. The student body shall be consulted by the President concerning the establishment of policy for student affairs.

    ii.   Communication with the Board. Official student communication to the Board of Trustees shall be made through the President and through student participation on the standing committees.

    iii.   Participation in the Deliberations of the Faculty. Students may also participate in an appropriate manner in the deliberations of the faculty subject to the revisions and orders of the President.

### ARTICLE VI~~ARTICLE VI~~

### MISCELLANEOUS CORPORATE TRANSACTIONS AND DOCUMENTS

**Section 6.01**    ~~Section 6.01~~    **Execution of Notes, Checks, Contracts and Other Instruments**.  All notes, bonds, drafts, acceptances, checks, endorsements (other than for deposit), guarantees and all evidences of indebtedness of the University whatsoever, and all deeds, mortgages, contracts and other instruments requiring execution by the University, may be signed by the Chair, the President, ~~any~~the Senior Vice President ~~or the Treasurer~~for Finance or other duly appointed Officer, and authority to sign any of the foregoing, which may be general or confined to specific instances, may be conferred by the Board ~~of Trustees~~ upon any other person or persons.  Any person having authority to sign on behalf of the University may delegate, from time to time, by instrument in writing, all or any part of such authority to any other person or persons if authorized to do so by the Board ~~of Trustees~~, which authority may be general or confined to specific instances. ~~Facsimile signatures on checks may be used if authorized by the Board of Trustees.~~

**Section 6.02**    ~~Section 6.02~~    **Voting Securities Owned by the University**.  Securities owned by the University and having voting power in any other ~~University~~university shall be voted by the President or any Vice President, unless the Board ~~of Trustees~~ confers authority to vote with respect thereto, which may be general or confined to specific investments, upon some other person.

Any person authorized to vote such securities shall have the power to appoint proxies, with general power of substitution.

*[Different first page setting changed from off in original to on in modified.].*
Case 4:26-cv-01442-MWB   Document 1-3   Filed 05/27/26   Page 134 of 146
Privileged and Confidential   Discussion Draft 1.14.2024

## ARTICLE VII~~ARTICLE VII~~

## GENERAL PROVISIONS

Section 7.01   ~~Section 7.01~~   **Offices**.  The principal business office of the University shall be located at 201 Old Main, University Park, Pennsylvania 16802.  The University may also have offices at such other places within or without the Commonwealth of Pennsylvania as the business of the University may require.

Section 7.02   ~~Section 7.02~~   **Corporate Seal**.  The Board ~~of Trustees~~ shall prescribe the form of a suitable corporate seal, which shall contain the full name of the University and the year and state of its creation.

Section 7.03   ~~Section 7.03~~   **Fiscal Year**.  The fiscal year of the University shall end on June 30 or on such other day as shall be fixed by the Board ~~of Trustees~~.

Section 7.04   ~~Section 7.04~~   **Private Inurement**.  No part of the net earnings of the University shall inure to the benefit of, or be distributable to, its Trustees, officers or other private persons, except that the University shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth in these Bylaws and the University's Charter.

## ARTICLE VIII~~ARTICLE VIII~~

## CONFLICTS OF INTEREST

This article sets forth specific responsibilities concerning Conflict of Interest and related matters and shall be read and implemented in concert with the Trustee Code of Conduct, Article II, Section 2.03.

Section 8.01   **Definitions.** For purposes of Sections 8.01 – 8.11 hereof, the following terms shall have the meanings set forth below.

(a)   **Board.**  "Board" includes the Board itself and any Board Entity.

*[Different first page setting changed from off in original to on in modified.].*

(a) **Conflict of Interest.**  A "conflict of interest" exists when a reasonable observer, having knowledge of all ~~of~~ the relevant facts and circumstances, would conclude that a Trustee has an actual ~~or~~, apparent <u>or potential</u> conflict of interest in a matter related to the University.  In

addition to financial conflicts of interest, a conflict of interest includes a situation in which a Trustee, family member or related entity has an interest that may lead the Trustee to act in a way that is incompatible with or a breach of the Trustee's fiduciary duty to the ~~institution~~University or use such Trustee's role to achieve personal gain or benefit or gain or benefit to family, friends or associates. As part of their duties to avoid conflicts of interest, Trustees shall refrain from requests of the President or staff for special consideration or personal prerogatives, including admissions, employment, athletic tickets and benefits and contracts for business. To avoid conflict of interest, Trustees shall also refrain from using their position as a Trustee to market or endorse products or services in exchange for any personal benefit. This does not preclude the recommendation of a service provider or vendor to the University where the Trustee does not receive anything in return. Trustees must be aware of the potential of conflicts arising from the solicitation or acceptance of benefits of any kind from third parties, including vendors and/or donors to the University. Finally, because engaging in business transactions with, receiving remuneration from and/or accepting any benefit from another Trustee— whether directly or indirectly— while both are serving on the Board can create the appearance of a conflict of interest, such transactions should be generally avoided and shall be promptly reported as set forth below.

**(b)** **Disclose or Disclosure.** "Disclose" or "disclosure" means to provide a brief summary of the transaction, agreement or business arrangement and the Trustee's financial or other interest.

**(c)** ~~(b)~~ **Family Member.** A "family member" means a Trustee's spouse ~~or dependent,~~ child, parents, or siblings.

~~(c)~~ **Financial Conflict of Interest.** A "financial conflict of interest" exists when a Trustee, a family member or related entity has an actual or potential financial interest in a matter (i) that is pending before the Board for discussion or vote or (ii) in which the Trustee or a family member is personally involved. A financial conflict of interest does not include a student or employment relationship of a family member.

**(d)** ~~(d)~~ **Related Entity**.  A "related entity" means a corporation, partnership, association or other entity where the Trustee or family member serves as an officer, director, partner or employee; expects to receive $5,000 or more in compensation for services in a calendar year; holds any equity in a non-publicly traded entity; or holds an interest of 5% or more in a publicly traded entity.

~~(e) Known.  "Known" means that the Trustee has actual knowledge of the conflict of interest.~~

~~(f) Board.  "Board" includes any standing or ad hoc committee of the Board.~~

**(e)** ~~Disclose or Disclosure.  "Disclose" or "disclosure" means to provide a brief summary of the transaction, agreement or business arrangement and the Trustee's financial or other interest.~~**Trustee**.  For the purposes of this Article VIII, the term "Trustee" is any person with voting rights as a Trustee of the University.

[Different first page setting changed from off in original to on in modified.].

Privileged and Confidential  Case 4:26-cv-01442-MWB    Document 1-3    Filed 05/27/26  Discussion Draft 1.38  Page 138 of 146

**(f)**    **University.**  For purposes of this Article VIII, the term "University" includes all direct and indirect subsidiaries thereof.

**Section 8.02**    ~~Section 8.02~~    **Disclosure**.  Each Trustee must disclose in writing to the Office of the Board of Trustees and to the Chair of the Board all situations that involve ~~actual or apparent~~ conflicts of interest ~~if and~~as defined herein  as soon as the conflict of interest becomes known to such Trustee, with the understanding that the obligation is to make reasonable efforts to obtain information that might be required for disclosure.

**(a)**    **Disclosure of Conflicts of Interest.**  Any Trustee who becomes aware of a conflict of interest, including one created by an offered gift or benefit, should follow the procedures in this section for disclosure.  Trustees should review Sections 8.09 (Gifts and Favors) and 8.05 (Contracts or Transactions with the University) for additional guidance regarding potential conflicts of interest.  Trustees should further review the following Penn State policies for additional guidance on the University's policies for its employees regarding potential conflicts of interest: Penn State Policy BS07 Authority and Procurement, AD86 Acceptance of Gifts and Entertainment, and RP06 Disclosure and Management of Significant Financial Interests and  the Family Educational Rights and Privacy Act (FERPA) of 1974 .

**Section 8.03**    ~~Section 8.03~~  **Annual Disclosure.**  In addition to other annual disclosures required by law or policy, each Trustee must disclose annually and in writing to the Secretary of the Board all conflicts of interest ~~that are known to such Trustee~~as defined herein.  The annual disclosures of known conflicts of interest will be publicly available upon request.

**Section 8.04**    ~~Section 8.04~~  **Recusal and Cooperation**.  If a matter in which a Trustee has a ~~known~~ conflict of interest comes before the Board for discussion or decision, the interested Trustee shall leave the Board meeting while the matter is discussed and voted upon.  The Trustee's interest and recusal shall be noted in the minutes, which shall be publicly available.  The Trustee shall also

*[Different first page setting changed from off in original to on in modified.].*

cooperate with any instruction provided by the Chair or administrative leadership to ensure that any conflict of interest is being appropriately addressed.

**Section 8.05** ~~Section 8.05~~ **Contracts or Transactions with the University.**

**(a)** ~~(a)~~ A contract or transaction between the University and a Trustee, family member or an entity in which a Trustee or family member has a beneficial interest of ten percent (10%) or more and the contract or transaction is valued at $10,000 or more must be approved by the Board ~~of Trustees~~ in accordance with this Section. The University official responsible for the matter must first conclude that it is in the best interests of the University to consider entering into such a contract or transaction. In circumstances where the Trustee, family member or related entity is purchasing goods or services from the University, as opposed to selling such goods or services, the matter is presumptively in the University's interests if the price is fair and reasonable and the contract or transaction does not foreclose a similar transaction with another individual or entity. In other circumstances where the

University is purchasing goods or services, the officer must first explore alternatives that do not involve an interest of the Trustee, family member or entity in which the Trustee or family member owns a beneficial interest of ten percent (10%) or more.  If, after exercising such due diligence, the official determines that it is in the best interests of the University to proceed, the matter must be submitted to the Board for approval.  The written materials submitted to the Board shall include a description of the contracting process, including the use of open and public bidding if possible and practical, and the official's analysis of why it is in the best interests of the University to proceed with the agreement or relationship.  The interested Trustee shall leave the meeting during the discussion and voting.  The Board shall determine by a majority vote of the disinterested Trustees whether the transaction or arrangement is in the University's best interests, the price and value provided are fair and reasonable to the University and whether to approve the transaction or arrangement.  Any such decision shall be recorded in the minutes, which shall be publicly available.

**(b)**    ~~(b)~~ Contracts or transactions of less than $10,000 between the University and a Trustee, family member or an entity in which the Trustee or a family member has a beneficial interest of ten percent (10%) or more will be disclosed to the Board ~~of Trustees~~ annually in a written report which shall be available to the public.  The report shall include a certification by the appropriate officers of the University that such contracts or transactions were made in the normal course of business and were fair to the University.

**Section 8.06**   ~~Section 8.06~~   **Annual Statements**.  Each Trustee shall annually sign a statement that affirms that such Trustee (a) has received a copy of the Board's conflict of interest policy as expressed in this Article VIII, (b) has read and understands the policy, and (c) has agreed to comply with the policy.

05/07/2021                                         -72-

**Section 8.07** ~~Section 8.07~~ **Fiduciary Duty**.  Members of the Board ~~of Trustees~~ stand in a fiduciary relationship to the University which reposes special confidence in each member.  Members of the Board ~~of Trustees~~ shall act in good faith, with due regard to the interests of the University, and shall comply with the fiduciary <u>and other</u> principles ~~of conduct~~<u>set forth in the Code of Conduct, Article II, Section 2.03,</u> in addition to any other <u>University policies,</u> state or federal requirements.  Trustees bring to their roles varied backgrounds and expertise, and they are selected in different ways, but they must keep the welfare of the entire University, not just a particular constituency, at all times paramount.

**Section 8.08** ~~Section 8.08~~ **Misuse of Information.**  No member of the Board ~~of Trustees~~ shall for personal gain or benefit or for the gain or benefit of others use any information not available to the public at large and obtained as a result of service to the University. <u>As set forth more fully in the Code of Conduct, Article II, Section 2.03(e), no member of the Board should make gratuitous demands for records and information that are not reasonably related to their responsibilities as Trustees and or that pose an undue burden on the University and its staff.</u>

**Section 8.09** ~~Section 8.09~~ **Gifts and Favors**.  No member of the Board ~~of Trustees~~ shall solicit or accept for personal use or for the use of others any gift, loan, gratuity, reward, promise of future employment or any other thing of monetary value based on any understanding that the vote, official action or judgment of the member would be influenced thereby.

**Section 8.10** ~~Section 8.10~~ **Pre-Existing Contract or Transaction.**  A contract or transaction that would be required to be disclosed under this Article but which was entered into before the interested Trustee assumed office, or which became subject to this Article as a result of amendments to the Article, and which remains to be performed in whole or in part, shall be disclosed by the Trustee pursuant to Section 8.03 but is not subject to the voting and other requirements of this Article.

**Section 8.11** ~~Section  8.11~~<u>Certain</u> **Family Members as Employees**.    A record of all spouses or dependent children of Trustees who are employed by the University or an affiliated entity and where compensation exceeds $10,000 per year shall be maintained in the Office of the Board ~~of~~

~~Trustees~~ and the names and positions but not the amount of compensation shall be posted on the University's public website.

**Section 8.12** ~~Section 8.12~~ **Employment of Trustees**. No Trustee may be employed by the University in any capacity before the fifth (5th) anniversary of the date on which such person last served as a Trustee, except as approved by action of the Board ~~of Trustees~~.

**Section 8.13** ~~Section 8.13~~ **Disclosure of Potential Conflict of Interest by Employees of the University**. Employees of the University shall exercise the utmost good faith in all transactions touching upon their duties to the University and its property. In their dealings with and on behalf of the University, they shall be held to a strict rule of honest and fair dealings between themselves and the University. They shall not use their positions, or knowledge gained therefrom, in such a way that a conflict of interest might arise between the interest of the University and that of the individual. Employees shall disclose to the administrative head of the college or other unit in which they are employed, or other appropriate superior officer, any potential conflict of interest which they are aware before a contract or transaction is consummated. ~~This bylaw shall be published to the University community at least once annually~~ Annual reminders of these Conflict of Interest responsibilities and necessary disclosures shall be provided to all employees.

**Section 8.14** ~~Section 8.14~~ **Consultation**. Any Trustee or University official may consult with the Secretary of the Board or the Vice President and University General Counsel concerning the interpretation or application of any of the provisions of Article VIII.

## ARTICLE IX ~~ARTICLE IX~~

### AMENDMENTS

**Section 9.01** ~~Section 9.01~~ **Amendments**. These Bylaws may be amended, altered or repealed, and new bylaws may be adopted, by the Board ~~of Trustees~~ at any regular or special

meeting.  Except as specifically set forth in ~~Section 4.01~~<u>Article IV</u>, no provision of these Bylaws shall vest any property or contract right in any person.

*[Different first page setting changed from off in original to on in modified.].*

BYLAWS AMENDMENT HISTORY

May 6, 2016           Amended and Restated Bylaws adopted

November 4, 2016      Section 3.03(f)(vi) amended

July 21, 2017         Section 5.09 amended

November 10, 2017     Sections 2.12, 4.01 and 4.02 amended

May 3, 2019           Sections 5.09 and 8.01 amended

November 15, 2019     Section 2.01(b) amended

May 8, 2020           Sections 3.03 and 5.09 amended

September 18, 2020  Sections 2.01(a), 2.09, 3.02, 3.03(d), 3.03(e), 3.03(f)(i),

3.03(f)(iii),

3.03(f)(vii), 3.03(g), 3.03(h), 3.03(k), 3.03(l), 3.05, 3.06(b), 5.09(b)(iii) and 5.09(c)(iii)

amended

May 7, 2021    Section 5.01(b) amended

July 30, 2024 Amended and Restated Bylaws adopted

*[Different first page setting changed from off in original to on in modified.].*

1

| Summary report: Litera® Change-Pro for Word 10.10.0.103 Document comparison done on 7/28/2024 5:08:36 PM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Bylaws-2021-May (002).docx | |
| **Modified filename:** PSU Bylaws 2024 proposal revised for 7.30.24 meeting final 2.docx | |
| **Changes:** | |
| Add | 730 |
| Delete | 789 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 1519 |