## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CENTRE DAILY TIMES, | : | |
| SPOTLIGHT PA, and | : | |
| STATECOLLEGE.COM, | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 4:26-cv-01442 |
| | : | Chief Judge Matthew W. Brann |
| | : | |
| DAVID KLEPPINGER, | : | |
| DANIEL ONORATO, and | : | |
| RICHARD SOKOLOV, | : | |
| *in their official capacities*, | : | |
| Defendants. | | |

### PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs Centre Daily Times, Spotlight PA and StateCollege.com, by and through counsel of record, respectfully move for a preliminary injunction to enjoin Defendants from enforcing Sections 2.03(c) and 2.04(c) of the Bylaws of the Pennsylvania State University, Compl. Ex. 1 §§ 2.03(c) & 2.04(c) ("the Gag Policy"), pending disposition of Plaintiffs' claims that this policy violates the First Amendment by unduly restricting the speech of trustees who are otherwise willing speakers.

This motion is made on the basis of the accompanying Memorandum of Law; the annexed Declarations of Sarah Rafacz, Jessica McAllister, Geoff Rushton, and

1

Alice Pope, along with the associated exhibits; and the accompanying Proposed Order.  Plaintiffs also incorporate by reference the facts alleged in the Complaint filed on May 27, 2026.  As set forth in detail in the accompanying Memorandum of Law, Plaintiffs are likely to succeed in demonstrating that the Gag Policy violates the Constitution and will cause them irreparable harm absent preliminary relief.  The balance of the equities likewise favors preliminary relief pending the final disposition on the merits of Plaintiffs' claims.

Because Defendants will suffer no costs from an injunction prohibiting the policy's enforcement, while the posting of a bond would burden the exercise of Plaintiffs' First Amendment rights, Plaintiffs request that a preliminary injunction issue without bond and that the bond requirement of Federal Rule of Civil Procedure 65(c) be waived.  *See Elliot v. Kiesewetter*, 98 F.3d 47, 59-60 (3d Cir. 1996); *Temple University v. White*, 941 F.2d 201, 219-20 (3d Cir. 1991).

DATED:  June 10, 2026

*/s/Paula Knudsen Burke*
Paula Knudsen Burke
PA Bar No. 87607
REPORTERS COMMITTEE
 FOR FREEDOM OF THE PRESS
4000 Crums Mill Rd., Ste. 101
Harrisburg, PA 17112
(717) 370-6884
pknudsen@rcfp.org

Renee M. Griffin*

2

REPORTERS COMMITTEE
 FOR FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 800-3247
rgriffin@rcfp.org

Heather E. Murray*
Kyle S. Clauss**
CORNELL LAW SCHOOL
FIRST AMENDMENT CLINIC[1]
Myron Taylor Hall
Ithaca, NY 14853
(607) 255-8518
hem58@cornell.edu
ksc227@cornell.edu

  *admitted *pro hac vice*
 ***pro hac vice* appl. forthcoming

*Counsel for Plaintiffs*

---

[1] The Cornell Clinic is housed within Cornell Law School and Cornell University. Nothing in this motion should be construed to represent the view of these institutions, if any.

**CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.1**

I hereby certify that pursuant to Local Rule 7.1, I sought concurrence from counsel for each of the parties to this action to determine their concurrence or nonconcurrence in the instant Motion for Preliminary Injunction. Counsel for Defendants indicated via email on June 8, 2026 that they do not concur in the motion.

Date:  June 10, 2026                    */s/Paula Knudsen Burke*
                                         Paula Knudsen Burke


**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2026, I caused this Motion and all accompanying documents to be served by email to the following counsel for Defendants:

Susan E. Kessler
Jones Day
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
724-412-7234
Email: skessler@jonesday.com

Andy Stanton
Jones Day
500 Grant Street, Ste 4500
Pittsburgh, PA 15219
412-391-3939
Email: astanton@jonesday.com


                                         */s/Paula Knudsen Burke*
                                         Paula Knudsen Burke