2022 WL 17751273
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

Sanjay TRIPATHY, Plaintiff-Appellant,
v.
Captain LOCKWOOD, Reverend Harris,* Susan R. Kickbush, D.O.C.C.S., Department of Corrections and Community Supervision of New York State, Andrea N. Schneider, Defendants-Appellees,
SORC R. Hoffman, IGRC Chairperson, Stachowiol, IGRC Staff Member, C.O. Costienwachs, IGRC Staff Member, J. Keleher, Din # 15R2316, Inmate Rep IGRC, C. Florea, Din # 15R1307, Inmate Rep IGRC, CORC Director, IGP, CORC Member #2, Deputy Commissioner & Counsel, CORC Member #2, Deputy Commissioner for Correctional Facilities, CORC Member #3, Deputy Commissioner for Program Services, CORC Member #4, Deputy Commissioner for Administrative Services, CORC Member #5, Deputy Commissioner & Chief Medical Officer, CORC Member #6, Rep of The Office of Diversity Management, Member #7, Anthony J. Annucci, Commissioner of DOCCS; representing DOCCS, Defendants.

22-949-pr
|
December 19, 2022

Appeal from an order of the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order is **VACATED**.

**Attorneys and Law Firms**

FOR PLAINTIFF-APPELLANT: Sanjay Tripathy, pro se, Collins, NY.

FOR DEFENDANTS-APPELLEES: Barbara D. Underwood, Solicitor General, Victor Paladino, Senior Assistant Solicitor General, Sean P. Mix, Assistant Solicitor General, for Letitia James, Attorney General, State of New York, Albany, NY.

PRESENT: DENNY CHIN, SUSAN L. CARNEY, BETH ROBINSON, Circuit Judges.

## SUMMARY ORDER

***1** Appellant Sanjay Tripathy, proceeding pro se, appeals the district court's April 8, 2022 decision and order, which denied his motion for a preliminary injunction. Tripathy also moves for an injunction pending appeal, and seeks to appeal the district court's November 15, 2021 order denying his motion to amend.

Tripathy is an adherent of Hinduism and is currently incarcerated at the Collins Correctional Facility in Collins, New York. Tripathy was previously incarcerated at Gowanda Correctional Facility and Fishkill Correctional Facility, also in New York. He claims that the New York State Department of Corrections and Community Supervision ("DOCCS") violated his free exercise rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") of 2000, Pub. L. No. 106-274, 114 Stat. 803 (codified at 42 U.S.C. § 2000cc). Specifically, he alleges the prison laundry policy in effect at DOCCS facilities requires him to launder his clothes with clothing of other inmates who consume beef or pork products. This policy forces him to either hand wash his clothes, go long periods without washing his clothes, or violate his religious belief that his clothes may not come into close contact with beef or pork. Based on these alleged violations, Tripathy's amended complaint asserts three claims for relief: (1) a free exercise claim for damages under 42 U.S.C. § 1983 against Gowanda prison officials in their individual capacities, (2) a Section 1983 claim for prospective injunctive relief against Gowanda prison officials in their official capacities for violations of Tripathy's free exercise rights, and (3) a RLUIPA claim against DOCCS, seeking injunctive relief and damages. We

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I. Jurisdiction and Scope of the Appeal**

We have jurisdiction over Tripathy's appeal of the April 8, 2022 order because we have jurisdiction over appeals from "[i]nterlocutory orders ... granting, continuing, modifying, refusing or dissolving injunctions." 28 U.S.C § 1292(a)(1). However, because Tripathy is currently incarcerated at Collins and has not amended his complaint to name Collins officials, his Section 1983 claim seeking injunctive relief against the Gowanda officials for their alleged violations of Tripathy's free exercise rights is moot. *See Booker v. Graham*, 974 F.3d 101, 107–08 (2d Cir. 2020). However, his claim for injunctive relief under RLUIPA against DOCCS is not moot. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006).

We do not have jurisdiction over the order denying leave to amend or Tripathy's RLUIPA damages claim. We have appellate jurisdiction over "final decisions of the district courts." 28 U.S.C. § 1291. A final decision "is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the [district] court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008). Because the district court has not entered a final decision, we lack jurisdiction over the order denying leave to amend. *See Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 650–51 (2d Cir. 1987). We also lack jurisdiction to consider the RLUIPA damages claim because the district court has not issued an appealable order addressing that issue. Moreover, exercise of pendent appellate jurisdiction is unwarranted because these two non-final issues are not "inextricably intertwined" with the preliminary injunction denial and review of the non-final issues is not necessary to ensure "meaningful review" of the preliminary injunction denial. *Ogunkoya v. Monaghan*, 913 F.3d 64, 72 (2d Cir. 2019) (internal citation omitted).

**II. Applicable Standard**

***2** We review without deference the district court's legal conclusions in deciding whether to grant a preliminary injunction and review the district court's "ultimate decision" of whether to grant a preliminary injunction for abuse of discretion. *Yang v. Kosinski*, 960 F.3d 119, 127 (2d Cir. 2020).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

> A plaintiff seeking a preliminary injunction must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest.

*Green Haven Prison Preparative Meeting of the Religious Soc'y of Friends v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 78 (2d Cir. 2021) (internal quotation marks omitted).

**III. Irreparable Harm**

We address only irreparable harm because the district court's decision and order addressed only that prong. The district court erred in holding that Tripathy's 29-month delay in moving for a preliminary injunction was, on its own, a sufficient reason to deny the motion.

"To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (per curiam) (internal quotation marks omitted).

The district court erred in relying on *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) and *Majorica, S.A. v. R.H. Macy & Co.*, 762 F.2d 7, 8 (2d Cir. 1985) (per curiam)—both intellectual property cases—for the proposition that Tripathy's delay in seeking enforcement of his rights was by itself sufficient to deny his motion for preliminary injunction. Rather, "[t]he loss of First Amendment freedoms, for even minimal periods of time," is "unquestionably" considered irreparable injury for the purposes of a preliminary injunction. *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *accord Green Haven*, 16 F.4th at 80 (concluding that violation of plaintiffs' religious liberty would constitute irreparable harm in case in which plaintiffs raised free exercise claims under the First Amendment as well as RLUIPA claims). "Religious adherents are not required to establish irreparable harm independent of showing a Free Exercise Clause violation because a presumption of irreparable injury flows from a violation of constitutional rights." *Agudath Isr. of Am. v. Cuomo*, 983 F.3d 620, 636 (2d Cir. 2020) (alteration and internal quotation marks omitted). While Tripathy's remaining non-moot claim for injunctive relief against DOCCS is brought

under RLUIPA, not the First Amendment (via Section 1983), RLUIPA protects a similar set of interests as does the Free Exercise Clause. *See Sabir v. Williams*, 52 F.4th 51, 59–60 & n.5 (2d Cir. 2022). These interests, coupled with the particular facts of this case—including the logistical difficulties that Tripathy has described in litigating his action from prison—compel us to conclude that the district court erred in ruling that Tripathy's delay in moving for a preliminary injunction by itself demonstrates the absence of irreparable injury. On remand, in considering Tripathy's reinstated preliminary injunction motion, the district court should address whether Tripathy is likely to succeed on the merits of his remaining claims. *See New Hope Family Servs., Inc. v. Poole*, 966 F.3d 145, 181 (2d Cir. 2020) (citation omitted) (noting that, in the First Amendment context, likelihood of success on the merits is "the dominant, if not the dispositive, factor").

### IV. Injunction Pending Appeal

***3** A party seeking an injunction pending appeal "must ordinarily move first in the district court" for an injunction pending appeal or show that "moving first in the district court would be impracticable." Fed. R. App. P. 8(a)(1)(C), (a)(2)(A)(i). Having failed to meet this threshold requirement of Rule 8, Tripathy is not entitled to immediate relief from this Court. *See Agudath Isr. of Am. v. Cuomo*, 980 F.3d 222, 225 (2d Cir. 2020) (denying an injunction where the movants did not first move for an injunction pending appeal in the district court and did not justify their failure to do so).

Accordingly, we **DENY** the motion for an injunction pending appeal. However, we **VACATE** the district court's April 8, 2022 decision and order denying Tripathy's motion for preliminary injunction. We **REMAND** for further proceedings consistent with this order, including prompt consideration of the reinstated preliminary injunction motion. To facilitate prompt review, we **ORDER** any party wishing to supplement its initial preliminary injunction filings in the district court to do so within forty-five days of the issuance of this Court's mandate.

### All Citations

Not Reported in Fed. Rptr., 2022 WL 17751273

## Footnotes

* The Clerk of Court is directed to correct the spelling of "Reverand Harris" in the official caption to "Reverend Harris."

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.